WILLIAM N. BOOKER & others *vs.* CITY OF WOBURN.

Middlesex. December 27, 1949. — February 8, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Municipal Corporations*, Municipal finance, Officers and agents, Charter. *Woburn.* *Equity Pleading and Practice*, Declaratory proceeding, Decree.

An ordinance adopted by the city council of Woburn in September, 1947, providing for an increase in salaries of firemen effective on January 1, 1948, was invalid under G. L. (Ter. Ed.) c. 44, § 33A, as appearing in St. 1947, c. 298, § 1, notwithstanding a provision of § 20 of the revised city charter, St. 1897, c. 172, as amended by Spec. St. 1917, c. 182, § 1, under which it would have been valid.

Booker *v.* Woburn.

In a suit in equity against a city by its firemen for a declaratory decree respecting the plaintiffs' rights under an ordinance increasing their salaries, where it appeared that a "controversy" existed and that a decree would "determine the controversy and remove any doubt existing," it was error to dismiss the bill without any statement of reasons for refusal of declaratory relief, although on the merits the attempted salary increase was invalid; the decree was reversed and a decree declaring the invalidity of the ordinance was ordered to be entered.

BILL IN EQUITY, filed in the Superior Court on July 15, 1948, for a declaratory decree.

It was agreed by the parties that "controversy exists" between them and that a "decree in this case will determine the controversy and remove any doubt existing."

The suit was heard by *Kirk,* J., and a decree dismissing the bill was entered. The plaintiffs appealed. No statement of reasons for the refusal of a declaratory decree appeared in the record.

*J. E. Henchey & C. R. McCauley, Jr.,* for the plaintiffs, submitted a brief.

No argument nor brief for the defendant.

LUMMUS, J. The plaintiffs, regular and permanent members of the fire department of Woburn, on July 15, 1948, brought this bill to obtain a declaration that St. 1947, c. 298, § 1, does not apply to the city of Woburn.

Section 20 of the revised charter of the city of Woburn, St. 1897, c. 172, as amended by Spec. St. 1917, c. 182, § 1, reads as follows: ". . . no ordinance of the city council changing any such salary or remuneration shall receive its final passage by the city council after the last day of September, and no such ordinance shall take effect until the municipal year succeeding that in which the ordinance is passed."

On September 18, 1947, the city council enacted an ordinance increasing the salaries of the plaintiffs by the sum of $300 each, the increase to become effective on January 1, 1948. The city has refused to pay the increase, basing its refusal on the following act of the year 1947.

General Laws (Ter. Ed.) c. 44, § 33A, as appearing in

St. 1947, c. 298, § 1, provides as follows: "Notwithstanding any contrary provision of any city charter, no ordinance providing for an increase in the salaries or wages of municipal officers or employees shall be enacted except by a two thirds vote of the city council, nor unless it is to be operative for more than three months during the financial year in which it is passed."

In the Superior Court a decree was entered dismissing the bill. The plaintiffs appealed.

The ordinance increasing the salaries of the plaintiffs seems to us a plain violation of § 33A as above amended, because the increase was not to be operative for more than three months during the financial year 1947, but was to become effective only on January 1, 1948. Whatever may have been the case under the amended § 20 of the revised charter, said § 33A, as above amended, now provides that the latter statute shall govern "Notwithstanding any contrary provision of any city charter." Clements v. Treasurer of Cambridge, 324 Mass. 73. The attempted increase in salaries was invalid and ineffective.

We think the bill ought not to have been dismissed. The decree dismissing the bill is reversed, and a new decree is to be entered declaring that the attempted increase in salaries is invalid.

*So ordered.*