HECTOR B. FOLEY & others *vs.* CITY OF SPRINGFIELD.

Hampden.    September 20, 1951. — November 6, 1951.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Pension. Statute,* Retroactive statute, Construction. *Equity Pleading and Practice,* Declaratory proceeding, Decree.

Police officers and firemen of a city retired under G. L. (Ter. Ed.) c. 32, § 80 or § 83, as amended, had no vested right to their noncontributory pensions, which could be reduced at the will of the Legislature.

The revisions of G. L. (Ter. Ed.) c. 32, § 86, by St. 1946, c. 576, § 7, and St. 1949, c. 562, were applicable to pensions granted prior to such revisions to police officers and firemen retired under § 80 or § 83, as amended, and authorized certain reductions made in their pensions until the repeal of said § 86 by St. 1950, c. 395.

The specific provisions contained in G. L. (Ter. Ed.) c. 32, § 86, as appearing in St. 1946, c. 576, § 7, and St. 1949, c. 562, with respect to reductions in the pensions of retired police officers and firemen controlled the general provisions of § 13 (1) (a), as appearing in St. 1945, c. 658, § 1, pertaining to continuance of payment "in the same amounts" of annuities, pensions and retirement allowances in effect on December 31, 1945.

In a suit in equity presenting a proper case for declaratory relief under G. L. (Ter. Ed.) c. 231A, a final decree dismissing the bill without any statement of reasons for the refusal of a declaratory decree was reversed and the entry of a declaratory decree ordered, although such declaratory decree was adverse to the plaintiffs.

BILL IN EQUITY, filed in the Superior Court on August 7, 1950.

The suit was heard by *Giles,* J.

*E. F. Connell,* (*W. H. Cooney* with him,) for the plaintiffs.

*J. T. Hanley, Jr.,* Associate City Solicitor, for the defendant.

COUNIHAN, J.    This is a bill in equity brought in the Superior Court for a declaratory decree under G. L. (Ter.

Ed.) c. 231A, § 1, inserted by St. 1945, c. 582, § 1, which
so far as pertinent reads as follows: "The supreme judicial
court, the superior court, the land court and the probate
courts, within their respective jurisdictions, may on appro-
priate proceedings make binding declarations of right,
duty, status and other legal relations sought thereby, either
before or after a breach or violation thereof has occurred
in any case in which an actual controversy has arisen and is
specifically set forth in the pleadings and whether any
consequential judgment or relief is or could be claimed at
law or in equity or not . . .."

The plaintiffs are all retired members of the police or the
fire department of the city of Springfield, hereinafter called
the city, with annual pensions as provided by G. L. (Ter.
Ed.) c. 32, § 80 or § 83, as amended.

The suit was submitted to a judge as a case stated and
the judge after hearing dismissed the bill. The plaintiffs
appealed. No statement of reasons for the refusal of a
declaratory decree appeared in the record.

An actual controversy had arisen between the plaintiffs
and the city which is specifically set out in the pleadings
and in the case stated. On January 3, 1949, the city reduced
payment of the amount of pensions originally granted the
plaintiffs and continued to do so until July 31, 1950. It
purported to act under G. L. (Ter. Ed.) c. 32, § 86, as
appearing in St. 1946, c. 576, § 7,[1] and St. 1949, c. 562,[2]

[1] "If any police officer who has been retired under section sixty-nine, or any
police officer or fireman who has been retired under sections eighty to eighty-
five E, inclusive, or any of them, shall be engaged in any gainful occupation
from which the actual or potential earnings exceeds the difference between the
pension received by him and the annual rate of his regular compensation in
effect on the date of his retirement, the pension shall be so reduced that the
total amount of the pension and such extra earnings shall not exceed the
amount of his regular compensation prior to his retirement."

[2] "If any police officer who has been retired under section sixty-nine, or any
police officer or fireman who has been retired under sections eighty to eighty-
five E, inclusive, or any of them, shall be engaged in any gainful occupation
from which the actual or potential earnings exceeds the difference between the
pension received by him and the current annual rate of regular compensation
payable by the political unit by which he was retired to persons holding the
grade which was held by him on the date of his retirement, the pension shall
be so reduced that the total amount of the pension and such extra earnings
shall not exceed the amount of said regular compensation."

which was then in effect. Chapter 32, § 86, as amended, was repealed by St. 1950, c. 395.[1]

The question for determination is whether or not c. 32, § 86, as amended, which was in effect during the period from January 3, 1949, to July 31, 1950, authorized the action of the city. The case stated admitted that between these dates the plaintiffs were engaged in gainful occupations and that the actual earnings of each plaintiff exceeded the amounts referred to in c. 32, § 86, as amended.

The plaintiffs contend that the then c. 32, § 86, as amended, was not applicable to pensions granted them prior to its effective dates for two reasons, first, that this statute was prospective in its operation, and, second, that the rights of the plaintiffs were established by G. L. (Ter. Ed.) c. 32, § 13 (1) (a), as appearing in St. 1945, c. 658, § 1.[2]

We are of opinion that the contentions of the plaintiffs cannot be sustained. Chapter 32, § 86, as amended, stated in clear and unequivocal language that its provisions should apply to "any police officer or fireman who has been retired under sections eighty to eighty-five E, inclusive, or any of them," and must be interpreted accordingly. These pensions were noncontributory and were mere gratuities granted because of services rendered. No contractual obligations were created between the plaintiffs and the city by such pensions. They were only expectancies which the Legislature could terminate or reduce at will. In *Coakley* v. *Attorney General*, 318 Mass. 508, at page 510, it was said, "But pension money is not unqualifiedly owned nor is it wholly beyond recall. 'No pensioner has a vested legal right to his pension. Pensions are the bounties of the government, which Congress has the right to give, withhold, distribute, or recall, at its discretion,'" citing *United*

---

[1] "Section 86 of chapter 32 of the General Laws, as most recently amended by chapter 562 of the acts of 1949, is hereby repealed" (approved May 2, 1950, effective ninety days thereafter).

[2] "Payments under any annuity, pension or retirement allowance provided for under this chapter and in effect on December thirty-first, nineteen hundred and forty-five, shall continue to be due and payable in the same amounts, under the same conditions and at the same intervals of time as were in effect on such date."

States v. Teller, 107 U. S. 64, 68, and Lynch v. United States, 292 U. S. 571, 577. While it is true that that case involved a pension granted by the United States government, we are of opinion that the rule laid down is equally applicable to pensions granted by the Commonwealth or any political subdivision thereof with exceptions, perhaps, not here material.

We agree with the general principle that statutes affecting substantive rights are to be construed as operating prospectively unless legislative intention to the contrary is clearly expressed. Greenaway's Case, 319 Mass. 121, 123. It is plain to us, however, that if the Legislature intended to have pensions in effect at the times of the enactment of c. 32, § 86, as amended, excluded from the effect of that statute it could have provided for that contingency in exact words. On the contrary it made the provisions of the statute applicable to a pension granted to any police officer or fireman "who has been retired." This provision manifestly included the plaintiffs. Compare School Committee of Gloucester v. Gloucester, 324 Mass. 209, 212; State v. Tampa, 119 Fla. 556, 560. Chapter 32, § 86, as amended, could have no effect upon any payments made to the plaintiffs before its effective date. It could apply only to payments to be made thereafter.

As to the second contention of the plaintiffs we are of opinion that the general provisions of § 13 (1) (a) of c. 32 do not control the specific provisions of c. 32, § 86, as amended. When the Legislature in the exercise of its authority in 1946 and in 1949 enacted c. 32, § 86, as amended, it obliterated the effect of § 13 (1) (a). As we have intimated, what the Legislature could give it could take away.

What we have said disposes of this suit on the merits. The action of the city was warranted.

There remains but one thing more. This was a bill for a declaratory decree. It should not have been dismissed. It should have been disposed of by the entry of a decree adjudicating the rights of the parties as prayed for.

It follows therefore that the decree is reversed and a

new decree is to be entered declaring that the action of the city in reducing the pensions of the plaintiffs was valid. *Booker* v. *Woburn,* 325 Mass. 334, 336.

*So ordered.*