JESSE M. STERN vs. JULIUS STERN & another, trustees. [1]

Suffolk.    May 4, 1953. — June 15, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Evidence*, Extrinsic affecting writing.  *Trust*, Express trust: what constitutes; Of equitable interest.  *Equity Pleading and Practice*, Amendment, Decree, Declaratory proceeding, Rehearing.

The disposition of a motion for rehearing of a suit in equity is a matter of discretion.  [316]

In a suit in equity to determine the plaintiff's rights under a declaration of trust in which he was named as one of the beneficiaries, the declaration of trust and a sealed instrument executed by him contemporaneously therewith, wherein he acknowledged that he held the interest in the trust in his name "as the property of" a designated person, could be found in the circumstances both to constitute one transaction, and there was no violation of the parol evidence rule in the admission in evidence of the instrument executed by the plaintiff.  [316–317]

The execution of a sealed and acknowledged instrument reciting that the signer held a beneficial interest in a trust of real estate "as the property of" a named person was effective to create a trust of such interest without delivery of the instrument or notice to the person so named.  [317–318]

In a suit in equity for a declaratory decree determining the plaintiff's rights in a trust, a final decree declaring that a beneficial interest in the trust standing in his name and claimed by him was the property of an estate represented by an intervening defendant, ordering the plaintiff to transfer such interest to that estate, and enjoining the plaintiff from asserting any claim to such interest, was erroneous in further ordering that the bill be dismissed.  [318]

Upon appeal in a declaratory proceeding from a final decree correctly determining after full hearing that a beneficial interest in a trust standing in the plaintiff's name and claimed by him was the property of an estate represented by an intervening defendant, and also ordering the plaintiff to transfer such interest to that estate and enjoining him from asserting any claim to such interest, although the intervener's answer did not seek such affirmative relief, the intervener was given leave to apply to the trial court for an amendment of his answer appropriate to the granting of the affirmative relief.  [318]

[1] Upon motion Benjamin Stern, executor under the will of Doris S. Bachrach, was allowed to intervene as a party defendant.

BILL IN EQUITY, filed in the Superior Court on August 1, 1951.

The suit was heard by *Rome*, J.

*Bernard Kaplan*, (*Isadore M. Libman* with him,) for the plaintiff.

*Lee M. Friedman*, (*Harry Bergson & Max L. Rubin* with him,) for the defendants.

COUNIHAN, J. This is a suit for a declaratory decree under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, brought by Jesse M. Stern, otherwise called Jesse Stern, to determine his rights in a written declaration of trust, called the Kendall Realty Trust, dated April 30, 1936, and recorded in the Middlesex South District registry of deeds on May 1, 1936, and described hereinafter. The plaintiff appeals from the final decree. He likewise appeals from the denial of a motion for a rehearing and the denial of a motion to correct the record by striking out the entry on the docket "Pff's exceptions dismissed under Rule 74" so as to permit him to file a bill of exceptions. Doris S. Bachrach was deceased when this suit was begun. The evidence is reported and the judge made findings.

There is no merit in the appeals.

An actual controversy existed between the parties as to the ownership of a four-ninths interest in the trust prior to the commencement of this suit. C. 231A, § 1. At the trial the plaintiff introduced the declaration of trust and rested. Material parts of the declaration read as follows: "This declaration of trust made in Boston . . . this 30th day of April, 1936, by Benjamin Stern, of Newton . . . and Julius Stern, of Brookline . . . . Whereas by deeds to be recorded herewith, Paul D. Turner, of Malden . . . has conveyed to said Benjamin Stern and Julius Stern, as Trustees under a Declaration to be recorded therewith, certain parcels of land with the buildings thereon situate in Cambridge . . . all as more fully described in said deed[s] . . . . Now therefore this Declaration of Trust Witnesseth: That the said Benjamin Stern and Julius Stern . . . as Trustees hereunder hereby declare that they hold and will hold the

premises hereinbefore described . . . in trust to sell and convert the same into cash or personal property and in the meantime to manage and develop the same and to receive the income thereof, all for the benefit of Hattie S. Stern of said Newton, Bertha S. Stern of Brookline, and Jesse Stern of said Newton . . . in the following proportions, to wit: Hattie S. Stern . . . five-eighteenths, Bertha S. Stern . . . five-eighteenths, and Jesse Stern . . . four-ninths . . . ."

The only witness called by the defendants was Mr. Frank L. Kozol, an attorney and a member of the firm which represented some of the defendants in this suit. He otherwise took no part in the trial. We summarize his testimony: He knew the plaintiff and was familiar with his signature. He identified the signature of the plaintiff to a certain instrument dated April 30, 1936, which was admitted in evidence over the objection and subject to the exception of the plaintiff and which reads as follows: "I, Jesse Stern, of Newton, Middlesex County, Massachusetts, acknowledge and declare that I, my heirs and assigns, hold and will hold the interest which I have in my name in the Kendall Realty Trust of Cambridge, Massachusetts created by Agreement and Declaration of Trust by Benjamin Stern and Julius Stern dated April 30, 1936, recorded with Middlesex South District Deeds, for the benefit of Hattie S. Stern and others as the property of Doris S. Bachrach, her heirs and assigns. I was named as beneficiary under said Kendall Realty Trust to the extent of four-ninths thereof at the request of said Doris S. Bachrach, of Brookline, she having contributed that proportion of the money with which the property which was declared to be the subject of the trust was purchased. In witness whereof I hereunto set my hand and seal this 30th day of April, 1936. Jesse M. Stern. [Seal] Commonwealth of Massachusetts Suffolk, ss. Boston, April 30, 1936 Personally appeared the above named Jesse Stern and acknowledged the foregoing instrument to be his free act and deed, before me Edward D. Scannell Notary Public 5/8/42."

Sometime about three years before the trial which began

on April 15, 1952, Mr. Kozol talked with Mr. Paul D. Turner, an attorney and a member of the same law firm. Mr. Turner was deceased at the time of the trial. Mr. Turner told him that the largest single contribution to the capital of the trust, by which the property of the trust was acquired, was from Doris S. Bachrach and the other contributions came from Benjamin and Julius Stern. About the same time Mr. Kozol had a talk with the plaintiff in which he gave him a copy of the instrument signed by the plaintiff. He said to the plaintiff, "Jesse, here is a copy of the instrument that Paul Turner has kept in our vault for Doris Bachrach ever since it was executed. I don't know why you have been fussing over this, but Paul told me you have no ownership in this at all, and that when the trust was executed, you executed this instrument under oath [*sic*]." The plaintiff said to him, "The copy that you gave me has a date at the bottom, 5–8–42; that was long after the date when the trust was executed, and I think I signed the paper on that date." Whereupon Mr. Kozol said, "Jesse, don't make yourself ridiculous, that is the date of the expiration of Mr. Scannell's commission as a notary." "Jesse said, 'Oh,' and that ended that." Then Jesse said, "Don't you think, Frank, there is some way I may get a piece of that Kendall Trust?" and Mr. Kozol said, "No, I don't." Mr. Scannell whose name appears on the instrument as the notary who took the acknowledgment of the plaintiff was an employee of a company in which the plaintiff was an officer.

The judge found that the declaration of trust and the instrument signed by the plaintiff were executed "simultaneously, or at least under the same date"; that statements made by the plaintiff to counsel of repute made it clear that the plaintiff knew his true status, "yet deliberately and without justification is attempting to circumvent that status and secure for himself an interest in said trust"; and that the person "actually entitled on April 30, 1936, and at all times thereafter to the four-ninths interest in Kendall Realty Trust, now standing in the name of Jesse Stern, was and is Doris S. Bachrach, now deceased, presently

represented by" the executor of her estate. On the evidence these findings were not plainly wrong.

The following final decree was entered: "This cause came on to be heard at this sitting, and was argued by counsel, and upon consideration thereof, it is adjudged, ordered and decreed (1) That the four-ninths interest described in the declaration of trust of the Kendall Realty Trust recorded with Middlesex South District registry of deeds, book 6024, page 66, as belonging to the plaintiff, therein named as Jesse Stern, is the sole property of the estate of Doris S. Bachrach, late of Newton, in the county of Middlesex, and belongs to said estate. (2) That the plaintiff Jesse M. Stern, otherwise known as Jesse Stern be and he hereby is ordered, within twenty-one days after the entry of this decree, by an appropriate instrument in writing suitable for recording, to assign, set over and transfer to the said estate of Doris S. Bachrach the aforesaid four-ninths interest in the Kendall Realty Trust, recorded with Middlesex South District of deeds, book 6024, page 66. (3) That the plaintiff be and he hereby is forever enjoined from asserting any claim of ownership or interest in the said four-ninths interest. It is further ordered that the petition be dismissed as to all respondents with costs in the sum of $17.50."

The only appeal which we need consider is that which the plaintiff claimed from the final decree. Assuming without deciding that the other appeals are properly before us, there is no merit in either of them. It is clear that the motion for a rehearing was addressed to the discretion of the judge, *Bartley* v. *Phillips*, 317 Mass. 35, 40–41, *Souza* v. *Souza*, 325 Mass. 761; and there is nothing in the record to show error in the denial of the motion to correct the record.

The plaintiff appears to base his whole case upon the original declaration of trust in which he was named as a beneficiary of a four-ninths interest. He ignores and seeks to keep out of evidence the instrument signed by him in which he declared that he held and would hold such interest as and for the property of Doris S. Bachrach. At least this instrument is in the nature of an admission against interest

and was properly admitted in evidence. The plaintiff overlooks this and rests his objection to its admission on the ground that it violates the parol evidence rule. This is untenable. This instrument was executed "simultaneously, or at least under the same date" as the declaration of trust. It may be reasonably inferred that both writings were to constitute the entire transaction and be considered as the complete expression of the intention of the parties. *Welch* v. *Bombardieri*, 252 Mass. 84, 87. *Kesslen Shoe Co. Inc.* v. *Philadelphia Fire & Marine Ins. Co.* 295 Mass. 123, 129. *New England Factors, Inc.* v. *Genstil*, 322 Mass. 36, 40. Even oral testimony is admissible to connect writings to show that they constitute one transaction. *Nickerson* v. *Weld*, 204 Mass. 346. *Bresky* v. *Rosenberg*, 256 Mass. 66, 73. This instrument conforms to G. L. (Ter. Ed.) c. 203, § 1.

The judge was warranted in finding that both instruments were to be considered together to obtain the true meaning of the declaration of trust. It may be significant to point out that the plaintiff does not deny that he signed the instrument and does not object to its admission other than on the ground that it violates the parol evidence rule which we hold is not a valid objection.

The plaintiff intimates but does not seriously argue that his interest in the Kendall Realty Trust was not transferable and that such equitable interest could not be transferred in trust. This he could not successfully maintain for the contrary has been established. *Coverdale* v. *Aldrich*, 19 Pick. 391, 395. *Cummings* v. *Stearns*, 161 Mass. 506, 508. *Whiteside* v. *Merchants National Bank*, 284 Mass. 165, 175. Scott on Trusts, § 83. Restatement: Trusts, § 83.

He does however contend, without merit we think, that the instrument signed by the plaintiff was not effective to create a trust of the equitable interest which the plaintiff had in the Kendall Realty Trust because of want of notice to Doris S. Bachrach or delivery to her of the instrument creating the new trust. Apart from the evidence that the instrument was delivered to Mr. Turner for Doris S. Bachrach, this court has held that no such notice or delivery is

necessary except in certain restricted cases of which this is not one. *Aronian* v. *Asadoorian,* 315 Mass. 274, 276–278.

The matter of the final decree remains to be considered. That decree among other things ordered that "the petition be dismissed as to all respondents" with costs. We think this was not correct. *Booker* v. *Woburn,* 325 Mass. 334, 336. *Foley* v. *Springfield,* 328 Mass. 59, 62. *Cohen* v. *Santoianni, ante,* 187, 189. That decree must be reversed.

The plaintiff asserts that the final decree to the extent that it orders the plaintiff to assign to the estate of Doris S. Bachrach the four-ninths interest in the Kendall Realty Trust which he purportedly held was erroneous because there was no request for affirmative relief in the answer of the intervener. There is some merit in this contention. But where, as here, it sufficiently appears after a full hearing in the court below that the estate of Doris S. Bachrach is the owner of the four-ninths interest in the Kendall Realty Trust which the plaintiff claimed to own, and that the plaintiff now has no, and never had any, beneficial interest in said trust, we think the case is one where an amendment may well be allowed as is hereinafter provided. G. L. (Ter. Ed.) c. 231, §§ 51, 125. *Tompkins* v. *Sullivan,* 313 Mass. 459, 461, 463–464.

The intervener, the executor of the will of Doris S. Bachrach, is given leave, if so advised, within thirty days after the date of the rescript to apply to the Superior Court for appropriate amendment to the pleadings in this suit so that the estate which he represents may be afforded affirmative relief in accordance with the evidence. After the allowance of such amendment a final decree is to be entered declaring the rights of the parties to be as found in clauses 1, 2, and 3 of the former decree. If no such amendment is allowed the case is to stand for further hearing.

The orders denying the motions of the plaintiff are affirmed. The intervener, the executor of the will of Doris S. Bachrach, is to have costs of this appeal.

*So ordered.*