SIMON ZALTMAN *vs.* DAVID J. DARIS & others.

Middlesex.    March 2, 1954. — June 8, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract*, Performance and breach.    *Equity Pleading and Practice*, Declaratory proceeding, Decree.

On findings adverse to the plaintiff in a suit in equity for declaratory
relief under G. L. (Ter. Ed.) c. 231A, the proper final decree was not
a decree dismissing the bill but a declaratory decree in accordance
with the findings.    [462]

In a suit in equity for declaratory relief by a landowner and builder,
where it appeared that after negotiations between the parties as to
the land and the construction of a house thereon they made an agreement for purchase of the premises by the defendant for a price already
paid by him to the plaintiff, that the plaintiff without excuse failed to
appear at the time and place for passing papers and committed a
breach of the agreement, and that the defendant recovered judgment
in an action at law against the plaintiff for the amount so paid him,
a decree declaring the plaintiff's breach of the agreement and that the
defendant was under no liability to the plaintiff respecting the agreement should be entered.    [462]

BILL IN EQUITY, filed in the Superior Court on June 16,
1950.

The plaintiff appealed from a final decree dismissing the
bill entered after hearing by *Good, J.*

*Samuel Katzman*, (*Irwin Springer* with him,) for the
plaintiff.

*John C. Johnston*, (*Melvin J. Levine* with him,) for the
defendants.

RONAN, J.    The plaintiff, a contractor engaged in the
construction of houses, alleges in his bill that he entered into
an agreement on or about June 22, 1948, with the defendants David J. Daris and his wife Doris F. Daris, hereinafter called the defendants,[1] for the construction of a house

---

[1] The third defendant was Mr. Levine, attorney for the other defendants.
The findings of the judge do not show that the plaintiff is entitled to any
relief against him.

for them upon land owned by him; that he proceeded with the work of construction; and that he received from the defendants advances of $2,500 and $1,400, respectively, for materials furnished and labor supplied in the construction for which he gave David J. Daris his promissory note for $3,900, as a receipt or evidence of these advance payments on account, which was to be returned to the plaintiff upon completion of the construction and upon the final payment being made by the defendants. It was also alleged that the defendants on May 9, 1949, advanced the further sum of $1,000; that the plaintiff gave David J. Daris his note for $4,900 which was to be held by him upon conditions similar to those relating to the $3,900 note; that at the time of these advances the plaintiff had expended for materials and labor in the construction of the house a sum in excess of the advances; and that the defendants repudiated their agreement on or about May 24, 1949, and within a few days an action was commenced upon the $4,900 note. The bill sought an injunction restraining prosecution of the action upon the note, and prayed that the defendants be ordered to deliver it to the plaintiff; that the rights of the parties be determined with reference to the building agreement and the purchase and sale of the house; that the amount due from the defendants be determined; that they be ordered to pay said amount to the plaintiff; that they be ordered to take a conveyance of the house and land; and that damages be awarded the plaintiff.

The plaintiff appeals from a final decree dismissing the bill as to all three defendants.

In the equity case, we have no transcript of the evidence but we have a report as amended of the material facts found by the judge. We point out the salient facts so reported. Zaltman intended to build a house for the defendants and they, expecting that he would do so, advanced money to him and took his promissory note. If the house was built, the money advanced would be credited to them and "the note [for $4,900] which they held would be cancelled." The first agreement between the plaintiff and the defend-

ants was dated June 22, 1948. Nothing turns on this agreement because it was waived in open court by both parties at the trial. Between June 22, 1948, and May 17, 1949, the parties frequently conferred in an endeavor to make an arrangement that would be satisfactory to them; "there were proposals and counter-proposals; forms of agreements were reduced to writing; none was executed; none was filed; none was offered at the trial as an instrument of agreement; no suggestion was made at the trial that any of the in-between discussions or writings represented or was a contract binding upon the parties." The last agreement, dated May 17, 1949, was signed by Zaltman and was acceptable to the defendants but not signed by them. It expressly provided that it contained the entire agreement between the parties except that Zaltman was to be retained. as a builder in accordance with a construction agreement which was to be drafted. It also provided that the premises were to be conveyed to the defendants on or before May 24, 1949, subject to a first mortgage, and that the second mortgage was to be discharged before the conveyance. The sale price was $4,900, the receipt of which was acknowledged, and the note held by David J. Daris was to be returned to Zaltman. The parties arranged to meet at the registry on May 24, 1949. The defendants were there at the appointed time and remained until the registry closed. They were prepared to carry out their part of the agreement. They met Zaltman on the street between 5:15 and 5:30 P.M. He had been busy in attempting to secure a discharge of the second mortgage. He told the defendants that he hoped that later in the day or the next day they could arrive at some arrangements suitable to both. The defendants said they were through. Within a few days David J. Daris brought action on the $4,900 note. The judge found that there was no excuse for Zaltman's failure to appear at the registry. The house after a long delay and many alterations in its design was built. It was sold early in 1951 to a third party for $29,500. The judge found that Zaltman had committed a breach of the agreement of May 17, 1949.

The defendants properly included, in an appendix to their brief, the pleadings, the finding of the court, and a copy of the docket in the action brought upon the $4,900 note when the judge refused to allow their designation of these documents to be included in the record of this appeal in the equity suit. Rules 2 (C), 2 (F) of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 694. The declaration as amended in the action at law contained a second count to recover $4,900 for money had and received. Zaltman's answer to this count alleged that this sum was received on account of labor and materials supplied in the construction of a house for the defendants which Zaltman had agreed to build on a cost basis plus 10% together with the cost of the land, and that the claim for $4,900 "is concerned in the subject matter of the petition for declaratory judgment" brought in the Superior Court and therefore there is a suit pending concerning the said claim and consequently the plaintiff cannot recover in the action at law. In the law action, the judge found for David J. Daris on the second count of his declaration for the full amount of his claim. The case went to judgment and an execution issued on January 13, 1953, and is now outstanding. After an appeal was taken in the equity case, the judge enjoined Daris from enforcing this execution during the pendency of this appeal.

The suit in equity and the action at law arose out of the same transaction. Many if not all of the material issues in each proceeding were identical. The same judge sitting without a jury, hearing the same evidence, decided those issues in the law action in favor of Daris and in the suit adverse to Zaltman. Of course, it would be inconceivable that he could reach one conclusion in the law action and a contrary conclusion in the suit in equity. In the equity case the judge found that the defendants advanced the money to have a house built for them and to obtain a conveyance of the lot of land, and that Zaltman committed a breach of the contract. Those findings are entirely consistent with the finding made in the action at law. This situa-

tion is fully covered by what was said in *Mutual Life Ins. Co.* v. *Royal*, 291 Mass. 487, 490–492.

The plaintiff, we think, is right in contending that his bill was one filed under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, seeking a declaratory decree, and that he was entitled to a binding declaration upon all the issues involved in order that the controversy between the parties should be finally settled. In proceedings under the declaratory judgment act, it is the duty of the judge to adjudicate the decisive issues involved in the controversy between the parties and to make binding declarations concerning such issues, thus putting the controversy to rest. Notwithstanding the argument of Zaltman, we think that the judge has decided every material issue necessary to settle the controversy. In accordance with the usual practice in proceedings for declaratory judgments a decree should be entered declaring that the contract of June 22, 1948, was waived, that the plaintiff committed a breach of the contract of May 17, 1949, with the defendants Daris, that the latter are under no liability to Zaltman in respect to any matters arising out of the contracts of June 22, 1948, and May 17, 1949, and that Levine is not liable to Zaltman in respect to any matters alleged in the bill. *Booker* v. *Woburn*, 325 Mass. 334, 336. *Foley* v. *Springfield*, 328 Mass. 59, 62–63. *Cohen* v. *Santoianni*, 330 Mass. 187. *Stern* v. *Stern*, 330 Mass. 312, 318. It follows that the final decree should be reversed and a decree entered in the form above mentioned together with costs.

*So ordered.*