*Northern District*

No. 5201

**JOHN R. BUCCI et al**

v.

**JOHN BENA, d-b-a**
**JOHN BENA & CO., et al**

(December 9, 1958)

*Present:* Gadsby, P. J., Eno & Northrup, JJ.

Case tried to *Clark, J.,* in the Third District Court of Eastern Middlesex. No. 1865 of 1957.

*Northrup, J.* This is an action of contract to recover the sum of $800 paid by plaintiffs as a down payment on the purchase price of a single family house at 17 Beacon Street, Malden, Massachusetts. The defendants are John Bena, the real estate broker, doing business as John Bena & Co., and George A. Gill, Jr., the owner and seller of the property.

The plaintiffs' declaration is in two counts. Count I is against the defendant Bena for money had and received in the sum of $800. Count II is against the defendant Gill and is based upon a written agreement between the plaintiffs and said defendant for the sale

and purchase of said real estate. The answer of the defendant Bena is a general denial. No issue is raised by the report as to the liability of the defendant Gill.

*At the trial there was evidence tending to show that* as a result of an advertisement which the plaintiffs saw in the paper they called the defendant Bena's place of business and talked with one Eugene F. Alves, an agent of said defendant, with respect to the purchase of a dwelling house at 17 Beacon Street, Malden, Mass.; that thereafter on March 14, 1957 the plaintiffs signed a written offer and acceptance form and later a written agreement with the defendant Gill, by the terms of which agreement the plaintiffs agreed to buy and said defendant agreed to sell said property for $10,900., $800 of which was to be paid to said defendant as a down payment or deposit and the balance of $10,000, the agreement provided would be paid in cash or certified check on May 14, 1957, the time set for passing papers. Said agreement also contained the following provision:

"If the Buyer shall fail to fulfill the Buyer's agreement herein, excepting Buyer's default because of Buyer's inability to obtain mortgage financing, all payments made hereunder by the Buyer may, at the option of the Seller, be claimed by the Seller as liquidated damages."

Simultaneously with the execution of said agreement, the plaintiffs signed another paper entitled "Notification of Purchase," which, as well as the written offer and acceptance

signed by the plaintiffs, provided for a total down payment by the plaintiffs of $4,000. The Notification also contained the following:

> "John Bena and Co. is hereby authorized to obtain and accept in my behalf a mortgage of $6,900 for 20 years at 5% or best terms available."

The trial court found as a fact that the plaintiffs at the time of the signing of the sales agreement and the Notification of Purchase, had $4,000 in savings and that it was the plaintiffs' intention to pay said $4,000 as the total down payment on the property and to finance the balance of the purchase-price by a mortgage of $6,900. The trial court also found that it was for this purpose that the "Notification of Purchase" was executed. *On March* 21, 1957 application for such mortgage was made to the Malden Savings Bank and on *April* 16, 1957 the defendant was notified that the Bank had accepted said loan for a period of 20 years with interest at the rate of 5½% per annum.

Meanwhile, however, the plaintiffs were obliged to use a part of the savings which they had intended to pay on account of the purchase-price of the house for "a pressing family need" and were unable to proceed with the purchase unless a mortgage of $8,900 could be obtained. The bank declined to grant such a mortgage and the plaintiffs, being financially unable to purchase the property, demanded the return of their $800 deposit.

The defendant Bena duly filed the following requests for rulings:

1. The evidence is sufficient to warrant and support a finding for the defendant Bena.

2. The evidence is insufficient to warrant and support a finding for the plaintiffs against the defendant Bena.

3. The evidence warrants and supports a finding that mortgage financing was available to the plaintiffs on the date set by the agreement for the purchase of the real estate in question: viz May 14, 1957.

4. The evidence warrants and supports a finding that the defendant Bena had procured a loan for the plaintiffs for the purchase of the real estate in question, and secured thereby, and at terms agreed to by the plaintiffs at the time required for the transfer of title to the said real estate in the agreement.

5. The evidence warrants and supports a finding that the defendants performed all things and acts required of them to be performed under the agreement for the purchase and sale of the premises in question.

6. The evidence warrants and supports a finding that the plaintiffs, were unwilling to perform and neglected to perform the obligations required of them to be performed under the agreement for the purchase and sale of the premises in question at the time required for their performance by the aforesaid agreement.

The court ruled on the defendant's said requests as follows:

1. Granted. I do not so find.

2. Denied.

3. Granted: with the qualification that as set

forth in special findings I find that the mortgage referred to was insufficient to enable the plaintiff to complete the purchase.

4. Granted: with the qualification as set forth in special finding that I find that the loan referred to was insufficient to enable the plaintiff to complete the purchase.

5. Denied: because as set forth in special findings I find that the defendant did not make sufficient mortgage financing available to enable the plaintiffs to complete the purchase.

6. Denied: because as set forth in special findings I find that the plaintiffs were unable to complete the purchase because of the defendant's failure to make available to the plaintiffs sufficient mortgage financing therefor.

The trial court also ruled as a matter of law that the forfeiture clause in the agreement referring to the plaintiffs' "inability to obtain mortgage financing" was so uncertain and indefinite as to require parol evidence for interpretation of the same and for determination of the intent of the parties.

The trial court in its findings of fact originally found and ruled that the defendant Bena's advertisement in the paper represented that "only $1,200 cash" would be required, and in view of such representation the court concluded that this implied that means of financing would be made available by the seller. The court also found originally that said representation was reasonably relied upon by the plaintiffs and that in view of the defendants failure to provide such financing,

especially since this could be done by the defendant Gill taking back a second mortgage, ruled that the mere obtaining of the $6,900 mortgage was not sufficient to avoid the exemption in the forfeiture clause of the agreement and found for the plaintiffs under both counts of the plaintiffs' declaration. Later the court amended its finding with reference to the advertisement and the representation therein that only $1,200 cash was required, and the same was stricken out of the court's findings. In its amended findings, the court found that the representation as to only $1,200 cash being required was not in the Bena advertisement but was in an advertisement of said property inserted by some broker other than said defendant.

There is nothing in the summary of the testimony or in the Court's findings of fact as amended to warrant the conclusion that any of the parties, prior to the execution of the written sale and purchase agreement, had seen said advertisement or had any knowledge whatever of the representation contained therein. In fact, a copy of the advertisement introduced in evidence shows the publication date of the paper in which said advertisement appeared, to be March 15, 1957, and all of the papers to wit the offer and acceptance, the purchase and sales agreement, and the Notification of Purchase bear the date of March 14, 1957, the day prior to the date of the publication of said advertisement.

There was prejudicial error in the rulings

by the trial court on the defendant's requests 3, 4, 5, and 6, and the trial court's finding for the plaintiff against the defendant Bena should be vacated and a new finding entered for said defendant.

Incidentally, the report neglects to state whether the two defendants are sued jointly or severally. If we assume that they are sued severally, then there is nothing in the report as to which count in the declaration is applicable to the claim against the defendant Bena, and which count is intended to set forth the plaintiffs' claim against the defendant Gill. It is only by speculation and deduction, to which we should not be obliged to resort, that we conclude that the defendants are sued severally, and that Count I which is for monies had and received, represents the plaintiffs' claim against the defendant Bena, and that Count II sets forth the plaintiffs' claim against the defendant Gill.

The report is further objectionable in that it apparently contains a summary of all of the testimony of all of the witnesses in the case, on direct, cross, re-direct and re-cross examination. A report to this Appellate Court should not contain a summary of all of the testimony at the trial. It should set forth in narrative form a summary of only such portions of the evidence as are material to the issues raised. Even where the issue is as to the finding being warranted by the evidence, only that testimony most favorable to the prevailing party should be reported. A summary

of the testimony in the report in the case at bar contains contradictory testimony given by the various witnesses, and it also sets forth in specific terms a resume of considerable testimony not pertinent to any of the issues before us. In all of these respects, the report is not in accordance with the requirements of Rule 28, Rules of the District Court or with the Draft Report Model referred to therein.

The claim against the defendant Bena is based upon the principle laid down in *Cabot v. Shaw,* 148 Mass. 459, 460:

> "It follows that, in the absence of proof of any contract binding the agents personally, they cannot be held in this action unless the facts are such that they can be held liable for money had and received to the plaintiff's use. The liability of an agent, who has acted in good faith, to repay money paid to him for his principal, arises only when the party paying it proves that he has the right to recall it, and that he has notified the agent and made a demand on him before the money was paid over to the principal. After such demand, if the money is still held by the agent, and no change has taken place in his situation, the law regards it as held for the use of the party entitled to it, who may maintain an action for it. *Garland v. Salem Bank,* 9 Mass. 408; *Jefts v. York,* 10 Cush. 392, and 12 Cush. 196; *Quimby v. Carr,* 7 Allen, 417."

This principle has been followed in *Daly v. Crawford,* 297 Mass. 262, *Bloomfield v. Gould,* 289 Mass. 80, and *Union Mut. Cas.*

*Ins. Corp. v. Ins. Budget Plan, Inc.,* 291
Mass. 62, 70.

Since there is no evidence of any contract
between the plaintiffs and the defendant Bena,
the plaintiffs' right to recover depends upon
proof of the essential allegations above stated.
These are:

1. that the plaintiffs had a right to recall
   the deposit;
2. that the plaintiffs made demand upon
   the defendant Bena for its return;
3. that at the time of the demand said de-
   fendant Bena had possession of the
   monies demanded by the plaintiffs;
4. that after such demand no change had
   taken place in the defendant's situation.

The report shows only by inference that
the defendant Bena at the time of demand
upon him was still in possession of the de-
posit paid by the plaintiffs as a down pay-
ment on the purchase price of the property.
Also, there is no finding in the report as to
whether any change had taken place in the
defendant's situation after such demand, al-
though it may well be that such element is a
matter of affirmative defense rather than of
proof as part of the plaintiffs case. In any
event, neither of these objections are material
since the trial court's finding that the plain-
tiffs were entitled to repayment of the deposit
was not warranted on the facts set forth in the
report.

It is a matter of substantive law that con-
tracts in writing cannot be varied by parol

evidence. *Goldband v. Commissioner of Banks,* 245 Mass. 143, 150; *Butterick Pub. Co. v. Fisher,* 203 Mass. 122; *Warren v. Stoneman,* 276 Mass. 259; *Kennedy Bros. Inc. v. Bird,* 287 Mass. 477, 482. Nevertheless, as the Court said in *Stoops v. Smith,* 100 Mass. 63, 66:

". . . for the purpose of applying the terms of the written contract to the subject matter, and removing or explaining any uncertainty or ambiguity which arises from such application, parole testimony is admissible, and has a legitimate office." See also: *Atwood v. Boston,* 310 Mass. 70, 74; *Kennedy Bros. Inc. v. Bird,* supra 483.

The trial court made the following finding with respect to uncertainty and ambiguity in the application of the writings and to the admissibility of parole evidence to explain the same.

"By way of conclusion from all the evidence I find that the words 'inability to obtain mortgage financing' are uncertain as to what is meant by 'inability', as to the amount and rate of the contemplated mortgage, and as to the lenders thereof. Because of such indefiniteness resort is to be had to parol evidence as to the surrounding circumstances in making the agreement of sale, the financial situation of the parties, and the course of dealing between them in order to ascertain their intent as shown by what they said and did."

We are fully cognizant of the principle of law which precludes an appellate court from

interfering with the trial court's findings of fact when such findings are "permissible upon any reasonable view of the evidence." *Kennedy Bros., Inc. v. Bird,* supra 484; *Sparhawk v. Sparhawk,* 120 Mass. 390, 392; *Evans v. County of Middlesex,* 209 Mass. 474, 479; *Atlantic Maritime Co. v. Gloucester,* 228 Mass. 519, 522; *Moss v. Old Colony Tr. Co.,* 246 Mass. 139, 143; *Jones v. Clark,* 272 Mass. 146, 149. But the above quoted "finding" by the trial court, that the writings are so ambiguous and uncertain as to warrant or require the introduction of parole testimony to explain the same, is not a finding of fact but a ruling of law — the correctness of which has been properly raised by the defendant Bena's requests for rulings. *Heegan v. Hall,* 241 Mass. 449, 451; *Daly v. Kingston,* 177 Mass. 312, 317; *O'Brien v. Boston & Maine Railroad,* 325 Mass. 451, 454.

Thus considered, the writings, when viewed and interpreted in a manner consistent with the principles of law applicable thereto, are not so uncertain or ambiguous as to require or even to warrant the introduction of parol testimony to explain the same.

There are three writings in this case — (1) an offer and acceptance form signed by the buyers and the seller, (2) the purchase and sale agreement also signed by all of the parties thereto, and (3) the notification of purchase signed by the plaintiffs. Where several writings exist, as was said in *Phoenix*

*Spring Beverage Company v. Harvard Brewing Company,* 312 Mass. 501, 505:

> "It is a general rule that when several writings evidence a single contract between the parties, they will be read together in order to arrive at an interpretation of the contract."

Also in *Stern v. Stern,* 330 Mass. 312, 317 the Court said:

> "This instrument was executed simultaneously or at least under the same date as the declaration of trust. It may be reasonably inferred that both writings were to constitute the entire transaction and be considered as the complete expression of the intention of the parties."

Here, the three writings were executed "simultaneously or at least under the same date," and these writings, considered together and reasonably interpreted both as to express wording and as to the compelling inferences necessarily resulting therefrom, leaves no question as to the intention of the parties. Under such circumstances the interpretation of the contract ". . . its meaning, what promises it makes, what duties or obligations it imposes, is a question of law." *Smith v. Faulkner,* VB *Gray,* 251, 255. See also: *Atwood v. Boston,* supra, 75; *O'Brien v. B & M RR,* 325 Mass. 451, 455; *Kennedy Bros., Inc. v. Bird,* supra, 482.

In determining this question of law and construing the obligation of the parties under their written agreement, we adopt the ad-

monition of the Court in *Kennedy Bros. Inc. v. Bird, supra,* 483:

> "A contract is to be construed as a business transaction entered into by practical men to accomplish an honest purpose in accord with common sense."

Applying the foregoing principles of law to the case at bar, the offer and acceptance, the agreement of purchase and sale and the notification of purchase when read together, are conclusive of the fact (and the trial court so found) that at time of the execution of the agreement, the mortgage contemplated by the plaintiffs was a mortgage of $6,900. Both the offer and acceptance, and the notification of purchase provided for a total down payment by the plaintiffs of $4,000 which left a balance of $6,900 to be raised obviously by a mortgage. It follows therefore that the forfeiture exception in the agreement to wit, "inability to obtain mortgage financing" could logically have been intended by the parties to apply to no other mortgage but the one which was contemplated by them at the time they signed the agreement. Nothing warranted the conclusion drawn by the trial court that the plaintiffs could unilaterally change the mortgage provisions of their agreement as originally intended, increase the mortgage contemplated at said time by $2,000, and place upon the seller the obligation of taking back a second mortgage on the property. In fact, such construction, so far as the requirement that the defendant Gill take

back a second mortgage is concerned, directly contradicts the express terms of the written agreement which specifically requires that after the payment of the $800 deposit, the plaintiffs pay to the defendant Gill the entire balance of the purchase price "in cash or certified check."

Therefore, the plaintiffs, as a matter of law, were not entitled to the return of the deposit. The defendant Bena's requests for rulings Nos. 3 and 4 should have been granted by the trial court without qualification and his requests Nos. 5 and 6 should have been allowed.

Since proper rulings on the defendant Bena's said requests for rulings would necessarily have required a finding for him, the trial court's finding for the plaintiffs against the defendant Bena under Count I of the plaintiffs declaration, is to be vacated and a new finding is to be entered for the defendant. *So ordered.*

Donald Singer of Boston, for the Plaintiff.

Sidney Weinberg of Cambridge, for the Defendant.