WILLIAM S. KINNEY vs. CONTRIBUTORY RETIREMENT AP-
PEAL BOARD.

Suffolk. May 5, 1953. — June 10, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Pension. Retirement. Contract,* What constitutes. *Constitutional Law,*
Obligation of contracts, Pension, Retirement.

An assistant attorney general, who had formerly served as a member of
the General Court and who, at times when G. L. (Ter. Ed.) c. 32,
§ 28H, inserted by St. 1949, c. 807, § 2, was in force, became a member
of the State employees' retirement system and paid into the annuity
savings fund thereof a substantial sum based in part on his years of
legislative service, in addition to the compulsory monthly deductions
from his salary, had no contractual rights to his retirement benefits
which precluded on constitutional grounds the operation of St. 1952,
c. 634, to deprive him of the right to have such legislative service
allowed as "creditable service" in the computation of his benefits
upon retirement, whether or not he had become eligible to claim re-
tirement benefits at the time of the taking effect of the 1952 statute.

PETITION, filed in the Supreme Judicial Court for the
county of Suffolk on January 8, 1953.

The case was heard by *Williams,* J., who reserved and
reported it without decision.

*William G. Perrin,* for the petitioner.

*Fred W. Fisher,* Assistant Attorney General, for the
respondent.

QUA, C.J. This is a petition for a writ of certiorari to
review a decision of the contributory retirement appeal
board denying any right of the petitioner to have allowed
to him as "creditable service" in the State employees' re-
tirement system time served by him as a member of the
General Court in the years 1912 and 1913.

There is no dispute as to the facts, which, together with
certain applicable provisions of law, in substance are as
follows: On December 29, 1950, the petitioner, while hold-

ing the State office of an assistant attorney general, became a member of the State employees' retirement system, and between that date and November 30, 1952, there was deducted from his salary in monthly deductions the total amount of $801.11. On April 30, 1952, the State board of retirement notified the petitioner that he was entitled to be credited with his service in the House of Representatives in 1912 and 1913. At that time (April 30, 1952) there was in force G. L. (Ter. Ed.) c. 32, § 28H, inserted by St. 1949, c. 807, § 2, which provided in part that any person in the employ of the Commonwealth who had served as a member of the General Court and who had become a member of the State employees' retirement system and had complied with certain other requirements, including not less than twenty years of creditable service, and had paid into the annuity savings fund of that system a sum or sums equal to five per cent of the total amount of regular compensation received by him from the Commonwealth and from the political subdivisions thereof with interest,[1] should upon his written request be retired at his option under that section or under any other provision of the chapter applicable to such person and should be paid a yearly retirement allowance based upon his compensation for the last year of service and upon the number of his years of "creditable service" and computed as provided in the section. At the request of the petitioner the State board of retirement computed the amount which he would be required to pay into the annuity savings fund of the system in addition to the deductions of $801.11, including as creditable service his years in the General Court, at $4,397.66. The petitioner paid that sum into the fund. Thereafter the Legislature enacted as an emergency law St. 1952, c. 634, which was approved September 16, 1952. This statute in § 3 expressly repealed c. 32, § 28H, and in § 8 further provided in part that no member or former member of the General Court should receive any pension or retirement allowance for his services performed

---

[1] This indicates in a general way the amount to be paid in. For the purposes of this case it is not necessary to state further qualifying details.

as a member of the General Court, and that the term or terms served by such person in the General Court should not be computed as "creditable service" in any retirement system in which such person might be a member. It is stated in the respondent's brief that the petitioner retired on November 30, 1952, having reached the age of seventy years. We do not find this statement in the record, although it does appear that until that date deductions were made from his salary as an assistant attorney general. It does not clearly appear whether on September 16, 1952, when the repealing act was approved, the petitioner had already attained a status making him eligible then to claim retirement rights.

The question to be decided is whether the petitioner could constitutionally be deprived by the act of 1952 of any pension or retirement rights which would have been his under the law if it had remained as it was when he became a member of the system and when he made the payment of $4,397.66.

It appears to be settled so far as this Commonwealth is concerned that pensions or retirement allowances established on a noncontributory basis, even though in a sense they are granted in recognition of services rendered or to be rendered, do not have their origin in contract but are so far analogous to gratuities that the Legislature can change their incidents or reduce their amounts, even after the recipient has retired and has begun to receive their benefits. *Foley* v. *Springfield*, 328 Mass. 59. *Coakley* v. *Attorney General*, 318 Mass. 508, 510. *United States* v. *Teller*, 107 U. S. 64, 68. *Frisbie* v. *United States*, 157 U. S. 160, 166. *Lynch* v. *United States*, 292 U. S. 571, 576–577.

The same conclusion has been reached in the great majority of cases in other States where, as in the present instance, the pension or allowance has been established on a compulsory contributory basis, the State or municipality still furnishing a part of the necessary funds.[1] One reason given

---

[1] See cases collected in 54 A. L. R. 943, 945; 98 A. L. R. 505, 506; 112 A. L. R. 1009, 1010; 137 A. L. R. 249, 252.

is that the "contribution" of the officer or employee is never in fact paid to him; that it is paid directly into the fund and never becomes his property, so that in reality it is merely transferred from one State or municipal fund to another, and that the statute has done no more than fix the officer's or employee's salary, which can be changed at the will of the legislative body. Another reason given is that the language of the statutes establishing the pensions or allowances is not the language of contract but is rather the language of a legislative assertion of present policy which the officer or employee should know is subject to change like other legislative policies, so that he is not entitled to rely upon it as permanently fixing his rights. For development of these arguments see *Pennie* v. *Reis*, 132 U. S. 464; *Dodge* v. *Board of Education of Chicago*, 302 U. S. 74; *MacLeod* v. *Fernandez*, 101 Fed. (2d) 20; *Roddy* v. *Valentine*, 268 N. Y. 228, 231–232; *Mell* v. *State*, 130 Ohio St. 306, 309–310; *State* v. *Trustees of the Policemen's Pension Fund*, 121 Wis. 44. We agree in general with the reasoning of these cases that the officer's or employee's rights in a compulsory contributory pension or allowance are subject to change by subsequent enactment.

There has grown up, however, a substantial conflict of authority as to whether the rights become vested so that they cannot be changed as soon as the officer or employee has performed every requirement, and all times have expired, to entitle him upon request to begin receiving his pension or allowance, or whether changes adverse to him can still be made in the governing statute at least up to the time when any given payment or instalment actually falls due. The former position is taken in *Trotzier* v. *McElroy*, 182 Ga. 719, *McBride* v. *Allegheny County Retirement Board*, 330 Pa. 402, *Roddy* v. *Valentine*, 268 N. Y. 228, 232, and *Driggs* v. *Utah Teachers Retirement Board*, 105 Utah, 417; while the latter position is taken in *MacLeod* v. *Fernandez*, 101 Fed. (2d) 20, *Casserly* v. *Oakland*, 6 Cal. (2d) 64, *State* v. *Tampa*, 119 Fla. 556, *McCann* v. *Retirement*

*Board of Policemen's Annuity & Benefit Fund of Chicago,*
331 Ill. 193, *Talbott* v. *Independent School District of Des
Moines,* 230 Iowa, 949, 963–973, *Brown* v. *Highland Park,*
320 Mich. 108, *Johnson* v. *State Employees' Retirement As-
sociation,* 208 Minn. 111, *Lickert* v. *Omaha,* 144 Neb. 75,
84, *Bader* v. *Crone,* 116 N. J. L. 329, *Salley* v. *Firemen's &
Policemen's Pension Fund Commission,* 124 N. J. L. 79, *Mell*
v. *State,* 130 Ohio St. 306, and *Dallas* v. *Trammell,* 129
Texas, 150. See *Dodge* v. *Board of Education of Chicago,*
302 U. S. 74. No attempt is made to cite all of the many
decisions.

We incline to agree with the more numerous decisions
holding that a contributory pension or retirement system,
like a noncontributory system, commonly creates no vested
and immutable rights resting upon contract rather than
upon legislative policy even after the beneficiary has become
entitled to pension payments. We are influenced not only
by the weight of authority but also by the unequivocal
decision made by us after careful consideration in *Foley* v.
*Springfield,* 328 Mass. 59, to which reference has already
been made and by the belief that in determining whether
contract rights have arisen there is little difference between
the case of the noncontributory system dealt with in that
decision and the case of the contributory system in the
present instance, since in either case the potential pensioner
continues to work with a view to the retirement privileges
incident to his employment. Some of the cases say or imply
that the beneficiary cannot be deprived of a particular
payment which has actually become due and payable; but
this case does not require discussion of that point.

The present case discloses an additional feature in that
before the repeal of § 28H the petitioner paid into the
fund the sum of $4,397.66 of his own money which was
not made up of compulsory withholdings from his salary.
In our opinion, however, that payment did not change
the position of the petitioner from that of one who was
simply seeking to take advantage of existing legislative
policy into that of one making a contract with the State.

The rights for which he is now contending are supposed to derive from the repealed § 28H. In accordance with the great body of authority to which reference has been made, we consider those rights legislative and not contractual in origin. Whether the petitioner can recover back any part of the sum paid on the ground that that part was paid solely with reference to his service in the General Court and that because of the repeal of § 28H he received no benefit from that part of the sum paid is a question not before us upon which we express no opinion.

The petitioner directs our attention to § 25 (5), as appearing in St. 1945, c. 658, § 1, which expressly provides that §§ 1 to 28, inclusive, may be altered, amended, or repealed, but attempts to limit the effect of such alteration, amendment, or repeal so as to protect any annuity, pension, or allowance previously granted and any existing inchoate rights. Whatever may be the effect of this provision upon the power of the Legislature to alter, amend, or repeal the sections therein mentioned, upon which we imply no opinion, it can have no effect upon the power of the Legislature to deal with § 28H out of the repeal of which the present controversy arises.

It results from what has been said that St. 1952, c. 634, §§ 3 and 8, are valid legislative enactments; that they had the effect of repealing G. L. (Ter. Ed.) c. 32, § 28H, inserted by St. 1949, c. 807, § 2, and of depriving the petitioner of any right to have the term served by him in the General Court computed as creditable service in the retirement system, whether or not at the time of the taking effect of the act of 1952 the petitioner was already in a position to claim retirement rights; and that there was no error in the decision of the appeal board.

This is the opinion of a majority of the court.

*Petition dismissed.*