JOSEPH N. ROACH *vs.* STATE BOARD OF RETIREMENT.

Suffolk. November 3, 4, 1953. — January 7, 1954.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Retirement. Pension. Contract,* What constitutes. *Constitutional Law,* Obligation of contracts, Pension, Retirement.

A member of the General Court and member of the State employees' retirement system, who before the effective date of St. 1952, c. 634, had applied for a retirement allowance under G. L. (Ter. Ed.) c. 32, § 28D, as appearing in St. 1949, c. 807, § 1, and as amended, and through making the proper contributions and otherwise had become eligible for such allowance upon retirement, could not rightly contend that the 1952 statute in repealing § 28D and wholly abolishing the allowance was unconstitutional as impairing the obligation of a contract in that

he had become entitled to the allowance before the effective date of the 1952 statute, where it appeared that on its effective date he had not "cease[d] to hold office" in the General Court and therefore was not then entitled to the allowance under § 28D, although he was not seeking reëlection to office and his term expired a few months later.

BILL IN EQUITY for a declaratory decree, filed in the Supreme Judicial Court for the county of Suffolk on February 12, 1953.

The suit was reserved and reported by *Williams,* J., without decision.

*John A. Daly,* for the plaintiff.

*Fred W. Fisher,* Assistant Attorney General, (*Hugh Morton,* Assistant Attorney General, with him,) for the defendant.

WILKINS, J. The plaintiff was a member of the General Court for thirty years until about December 31, 1952. Prior to September 16, 1952, he was a member of the State employees' retirement system. G. L. (Ter. Ed.) c. 32, § 1; § 28D, originally inserted by St. 1948, c. 589, § 2, as appearing in St. 1949, c. 807, § 1, and as amended by St. 1952, c. 581. St. 1947, c. 660, § 7. St. 1952, c. 610, § 2. He had paid into the annuity savings fund (defined in c. 32, § 1, as amended; § 22 [1] [a]) all contributions required or permitted to be made by him in the total amount of $2,026.80. He was over sixty-five years of age, had complied with all requirements of the defendant board, had become entitled to receive an allowance or pension upon retirement, and on a form prescribed by the defendant board had applied for the allowance applicable to his service. Effective September 16, 1952, the General Court, in an extra session, purported to repeal all laws upon which the plaintiff based his right. St. 1952, c. 634, entitled, "An Act repealing the legislation providing pensions or retirement allowances for members or former members of the general court and for elected state officials." See *Kinney* v. *Contributory Retirement Appeal Board,* 330 Mass. 302. The defendant board, accordingly, refuses to recognize that he has any right to an allowance upon retirement. The plain-

tiff contends that the purported repeal is unconstitutional as to him, and seeks a binding declaration as to his right to receive an allowance under the statutes as they stood prior to the enactment of St. 1952, c. 634. G. L. (Ter. Ed.) c. 231A, § 1, inserted by St. 1945, c. 582, § 1.

So far as material, G. L. (Ter. Ed.) c. 32, § 28D, as amended and in effect before repeal, provided: ". . . any member of the general court . . . who has served as such for not less than six years in the aggregate and who shall cease to hold office as such and who has attained age fifty-five shall, upon his request, be retired by the state board of retirement; provided, that such applicant became a member of the state employees' retirement system prior to the date he ceased to hold such office and has paid into the annuity savings fund . . . such sums . . . as are provided . . . for prior service" by St. 1947, c. 660, § 7. "The yearly retirement allowance to be paid to any [such] member of the general court . . . shall be a sum equal to one fourth of the regular annual rate of compensation . . . during the last year preceding the date of retirement . . . and an additional amount equal to four per cent of said annual compensation for each year of creditable service as a member of the general court . . . provided, that the total amount of the allowance shall in no case exceed four fifths of the regular annual compensation received by such member . . . during the last year of such service . . . ."

In *Kinney* v. *Contributory Retirement Appeal Board*, 330 Mass. 302, we recently held that an assistant attorney general and former member of the General Court who was a member of the State employees' retirement system and who retired on November 30, 1952, could constitutionally be deprived by St. 1952, c. 634, of any pension or retirement rights which would have been his under the law if it had remained as it was when he became a member of the system and when he made payment into the annuity savings fund of a sum computed by the defendant board pursuant to G. L. (Ter. Ed.) c. 32, § 28H, inserted by St. 1949, c. 807, § 2. In particular, we held that Mr. Kinney could be de-

prived of any right to have two terms served by him in the General Court computed as creditable service in the retirement system irrespective of whether on September 16, 1952, he was already in a position to claim retirement rights.  At page 306 we said: "We incline to agree with the more numerous decisions holding that a contributory pension or retirement system, like a noncontributory system, commonly creates no vested and immutable rights resting upon contract rather than upon legislative policy even after the beneficiary has become entitled to pension payments."

There can be no substantial distinction between § 28H and § 28D, as amended, and the plaintiff correctly concedes that the quoted language, unless modified, puts him out of court.  He suggests that we make the qualification that after the beneficiary has become entitled to pension payments, the pension is subject to reasonable alteration but not to complete abolition.  The plaintiff, however, does not fall within the suggested limitation.  On September 16, 1952, he was still a member of the Legislature.  Section 28D, as amended, contained the essential requirement that he "cease to hold office."  That he had decided not to seek reëlection or that the primaries were held on that very day is beside the point.  He had not ceased to hold office.

For similar reasons the time had not come for the transfer of the plaintiff's accumulated deductions from the annuity savings fund to the annuity reserve fund (defined in c. 32, § 1, as amended).  This is "when a retirement allowance becomes effective" for a member.  G. L. (Ter. Ed.) c. 32, § 22 (2) (a), as appearing in St. 1945, c. 658, § 1.  The plaintiff's argument directed to this aspect of the statute is not open to him.

Any question as to recovery of the plaintiff's contributions to the annuity savings fund is not within the scope of these proceedings.

A decree is to be entered declaring that St. 1952, c. 634, is constitutional as to the plaintiff, and that the plaintiff is not entitled to an allowance from the State employees' retirement system.                    *So ordered.*

COUNIHAN, J.  For reasons which shall hereinafter appear I am constrained to concur in this opinion which is grounded upon *Kinney* v. *Contributory Retirement Appeal Board*, 330 Mass. 302.  When the *Kinney* case was decided I was unable to concur and the decision went as that of a majority of the court.

I was impelled to do that because I was of opinion that the holding in that case, "that a contributory pension or retirement system, like a noncontributory system, commonly creates no vested and immutable rights resting upon contract rather than upon legislative policy," was not in line "with the more numerous decisions" in other jurisdictions and more especially because I believed that such a holding was not in accord with decisions in several jurisdictions with which we are usually disposed to agree.  An analysis of those decisions would now be unprofitable.

I did not then believe and I do not now believe that contributory pensions should be considered upon the same basis as noncontributory pensions.  To my mind there is a distinct difference in the nature and character of each.

However, a majority of the court has decided otherwise and what was said in the *Kinney* case has become the law of the Commonwealth.  I must abide by it.

If relief is to be found from the effect of St. 1952, c. 634, which in many instances will bring about unfair, unjust and even distressful results, recourse must be had to suitable corrective legislative action.