FRANCES H. C. McCARTHY, administratrix, *vs.* STATE BOARD OF RETIREMENT.

Suffolk.    November 3, 4, 1953. — January 7, 1954.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Retirement. Pension. Contract,* What constitutes. *Constitutional Law,* Obligation of contracts, Pension, Retirement.

A former member of the General Court and member of the State em- ployees' retirement system, who before the enactment of St. 1952, c. 634, had made the proper contributions into the system, had ceased to hold office, had been retired, and had actually been receiving a retirement allowance from the system for several years, had no con- tractual right to continuance of the allowance, even "to so much" thereof "as actuarially would result from the purchase of an annuity" with his contributions, and was not protected by the contract clause of the Federal Constitution against the complete abolition of the allowance effected by the 1952 statute.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on February 12, 1953.

The suit was reserved and reported by *Williams, J.,* without decision.

*John A. Daly,* for the plaintiff.

*Fred W. Fisher,* Assistant Attorney General, (*Hugh Morton,* Assistant Attorney General, with him,) for the defendant.

WILKINS, J.    Arthur L. Youngman was a member of the General Court for more than eighteen years before his retirement at the end of 1948. Prior to September 16, 1952, he was a member of the State employees' retirement system, and before terminating his service he had paid into the annuity savings fund all contributions required or per- mitted to be paid by him. His retirement was pursuant to his application to the defendant board, and from January, 1949, to September, 1952, he received monthly a retirement allowance computed in accordance with G. L. (Ter. Ed.)

c. 32, as amended. After the passage of St. 1952, c. 634, the defendant board refused to make further payments to him. The plaintiff's intestate filed this bill of complaint for a binding declaration as to his right to continue to receive a retirement allowance and as to the constitutionality of St. 1952, c. 634. Subsequent to the arguments in this court he died, and his administratrix has been substituted as party plaintiff.

The present case differs from *Kinney* v. *Contributory Retirement Appeal Board*, 330 Mass. 302, and *Roach* v. *State Board of Retirement, ante*, 41, in that the plaintiff's intestate had ceased to hold office, had been retired, and had actually begun to receive a retirement allowance. Counsel for the plaintiff is, accordingly, in a position to raise certain questions which were not presented by the *Roach* case. We feel unable, however, to reach a different result. We think that we should not depart from what we said in the *Kinney* case. We reaffirm that the State employees' retirement system "creates no vested and immutable rights resting upon contract rather than upon legislative policy even after the beneficiary has become entitled to pension payments" (page 306). We cannot adopt the suggested qualification that the pension is subject to reasonable alteration but not to complete abolition after the beneficiary has become entitled to payments.

The plaintiff contends that there has been an impairment of the obligation of a contract "as to so much of the pension as is included in an annuity purchaseable from the contributions" to the annuity savings fund, defined in G. L. (Ter. Ed.) c. 32, § 1, as amended. The theory of this argument is that the accumulated deductions of the employee paid into the annuity savings fund were transferred to the annuity reserve fund, defined in G. L. (Ter. Ed.) c. 32, § 1, as amended, when his retirement allowance became effective, all in accordance with the requirements of G. L. (Ter. Ed.) c. 32, § 22 (2) (a), as appearing in St. 1945, c. 658, § 1; and that the amounts thus transferred "must support so much of the pension as actuarially would

result from the purchase of an annuity" with such funds. The fund, it should be noted, must be invested as prescribed in G. L. (Ter. Ed.) c. 32, § 23 (2) (b), as appearing in St. 1945, c. 658, § 1, as amended by St. 1950, c. 162, § 1. It cannot be used to purchase annuities.

The employee acquired no interest in the annuity reserve fund itself, and it seems to us that his rights are no greater because there are two funds and his contributions have been transferred from one to the other. We believe that the Commonwealth has entered into no contract of insurance with a legislator whose retirement is complete any more than with one who has not ceased to hold office.

Any question as to recovery of contributions to the annuity savings fund is not within the scope of these proceedings.

A decree is to be entered declaring that St. 1952, c. 634, is constitutional as to the plaintiff's intestate, and that the plaintiff as administratrix of his estate is not entitled to enforce the payment of any sum due to the plaintiff's intestate as an allowance from the State employees' retirement system.

*So ordered.*

COUNIHAN, J. For reasons which I have given in a concurring opinion in *Roach* v. *State Board of Retirement, ante,* 41, I am constrained to concur in this opinion.