June A. CYRUS

v.

UNITED STATES of America.

Civ. A. No. 55–155.

United States District Court
D. Massachusetts.

June 13, 1955.

demnity is not a contract. It points to the fact that the title of the act describes the insurance as a "gratuitous indemnity," 65 Stat. 33, and that no premiums are payable thereon. To this the plaintiff says that even though no premiums are paid, the insured does perform services in the armed forces and the insurance is part of his compensation, and hence there is a contract. This was held in Miller v. United States, D.C.W.D.Mo., 124 F.Supp. 203.

The question of paramount importance is whether the government has consented to be sued, it being axiomatic that the plaintiff must show such consent. Even though there might be claimed to be certain contractual aspects to this indemnity, whether the government has so consented is a matter of legislative intent. Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434. In my opinion the matters above-mentioned indicate that Congress did not have any such intention with relation to this particular indemnity.

The plaintiff's assertion of contractual consideration might depend on whether the serviceman enlisted or was drafted. In the one case he might be providing consideration, while in the other he would be doing only what he was already legally obligated to do.* As a matter of general policy, and hence of construction, such complications are to be avoided. Of more importance, it is commonly regarded that non-contributory government benefits are not contractual obligations even though they accrue during a period of voluntary employment. Kinney v. Contributory Retirement Appeal Board, 330 Mass. 302, 113 N.E.2d 59.

In the light of all the circumstances I think the plaintiff has failed to meet the burden of showing that this indemnity was a contract within Congres-

Nathan Goldstein, Poster, Wilinsky & Goldstein, Boston, Mass., for plaintiff.

Asst. U. S. Atty. James P. Lynch, Jr., Boston, Mass., for defendant.

ALDRICH, District Judge.

In 1951 one Alexander, while a member of the armed forces, applied for and was granted insurance under the Servicemen's Indemnity Act, 38 U.S.C.A. § 851 et seq. He died in 1953, without having designated any beneficiary. Claims were made for the proceeds by the plaintiff, who is his mother, and by his paternal grandparents. 38 U.S.C.A. § 852. The Veterans' Administration decided in favor of the latter, whereupon the plaintiff brought this suit. The government has retained the proceeds awaiting the outcome. It now moves to dismiss, or in the alternative, for summary judgment. Its contention is that it cannot be sued on account of such insurance.

38 U.S.C.A. § 11a–2 makes decisions of the Veterans' Administration final, and expressly provides that this court has no power of review, unless the matter falls within the provisions of 38 U.S.C.A. § 445 or § 817. The latter section relates only to National Service Life Insurance. Section 445, an earlier act, relates to "contracts" of insurance. The government alleges that Servicemen's In-

---

* Cf. Williston, Contracts, § 132; Restatement, Contracts, § 76(a). This is perhaps an oversimplification. For discussion see Yankwich, J., in United States v. Standard Oil Co., D.C.S.D.Cal., 60 F.Supp. 807, 810, reversed on other grounds 9 Cir., 153 F.2d 958, affirmed 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067.

sional intent as expressed in the exceptions to § 11a–2. United States v. Houston, 6 Cir., 216 F.2d 440; Vda. Declet v. Veterans Administration, D.C.D.Puerto Rico, 129 F.Supp. 566.

The complaint will be dismissed.