STEPHEN W. SMOLINSKI *vs.* BOSTON RETIREMENT BOARD
(and three companion cases[1]).

Suffolk.   Worcester.   May 8, 1963. — June 4, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, J.J.

*Retirement.*

G. L. c. 32, § 25 (5), as appearing in St. 1956, c. 525, stating that certain
provisions of the retirement laws "shall be deemed to establish and to
have established membership in the retirement system as a contractual
relationship under which members who are or may be retired for super-
annuation are entitled to contractual rights and benefits," applies only
to members "retired for superannuation"; a contention that so con-
strued the statute makes an unreasonable distinction between members
retired for superannuation and members retired for other causes was
without merit.   [211–212]
Police officers in a city's retirement system who had been retired for dis-
ability but who might be restored to active service and thereafter retired
for superannuation were not members of the system entitled to "contrac-
tual rights and benefits" under G. L. c. 32, § 25 (5), as appearing in
St. 1956, c. 525, as members who might be "retired for superannuation,"
and § 91A of c. 32, inserted by St. 1958, c. 684, § 1, altering the rights
and benefits of members "retired . . . for disability," applied to such
police officers.   [213]


FOUR BILLS IN EQUITY, one filed in the Superior Court on
June 29, 1962, one on July 3, 1962, and two on February 27,
1963.

The suits were reported by *Pecce, J.*

*Arthur M. Gilman* for the plaintiffs.

*William H. Kerr* for the Boston Retirement Board.

*Henry P. Grady,* Assistant City Solicitor, for the Worces-
ter Retirement Board.

*Herbert E. Tucker, Jr.,* Assistant Attorney General, for
the Attorney General.

---

[1] The companion cases are by Mark F. Burke against the same defendant,
James E. Brogan against the same defendant, and Albert P. Connole against
the Worcester Retirement Board.

WHITTEMORE, J.   These four bills in equity seek declarations under G. L. c. 231A as to the effect of G. L. c. 32, § 91A, inserted by St. 1958, c. 684, § 1 (approved as an initiative law in the election of November 4, 1958), upon the rights of three police officers of the city of Boston and one police officer of the city of Worcester who had been retired for accidental disability (total and permanent incapacity).   Two of the plaintiffs, former Boston police officers, were retired on July 1, 1939, and September 1, 1942, respectively, under St. 1922, c. 521, § 13, a special statute which established the Boston retirement system.   The other plaintiffs were retired under G. L. c. 32, § 7, on, respectively, December 1, 1952, and February 1, 1956.   The cases were consolidated in the Superior Court and reserved and reported without decision.   The Attorney General having been notified under G. L. c. 231A, § 8, has appeared and taken part.

Section 91A requires, in substance, that a person "pensioned or retired under any general or special law for disability, including accidental disability" refund so much of his adjusted pension or retirement allowance for any year as, when added to his earnings for that year, exceeds "the regular compensation which would have been payable to such person in such . . . year had he continued in service in the grade held by him at the time he was pensioned or retired."

The plaintiffs rely upon G. L. c. 32, § 25 (5), as appearing in St. 1956, c. 525, which we discuss below.   They concede that apart from this statute it is established that members of contributory retirement systems have no vested or contractual rights in the statutory benefits.   *Foley* v. *Springfield,* 328 Mass. 59, 61.   *Kinney* v. *Contributory Retirement Appeal Bd.* 330 Mass. 302, 304–306.   *Roach* v. *State Bd. of Retirement,* 331 Mass. 41.   *McCarthy* v. *State Bd. of Retirement,* 331 Mass. 46, 47–48.

The retroactive application of § 91A is made express by St. 1958, c. 684, § 2.

Section 25 (5) of c. 32 provides: "The provisions of sections one to twenty-eight, inclusive, and of corresponding

provisions of earlier laws shall be deemed to establish and
to have established membership in the retirement system
as a contractual relationship under which members who are
or may be retired for superannuation are entitled to con-
tractual rights and benefits, and no amendments or altera-
tions shall be made that will deprive any such member or
any group of such members of their pension rights or bene-
fits provided for thereunder, if such member or members
have paid the stipulated contributions specified in said sec-
tions or corresponding provisions of earlier laws."

We agree with the contention of the defendants and the
Attorney General that § 25 (5) applies to members of a re-
tirement system governed by G. L. c. 32, §§ 1–28, or corre-
sponding provisions of earlier laws who are "retired for
superannuation." This construction is required to give
meaning to the quoted words. Their significance is con-
firmed by reference to the proposals which preceded the
statute as enacted. 1955 House Doc. No. 2821, general in
terms, failed of enactment (1955 Senate Journal, p. 1405).
While the bill was pending, however, there had been a pro-
posal in the Senate (ibid. 1315; Senate Doc. No. 805) to
amend the bill to insert the words "retired for superannua-
tion." In 1956 House Doc. No. 2805 was recommended by
the committee (1956 House Journal, p. 883) based on House
Docs. No. 332 and No. 1168; all three bills were general in
terms. A Senate amendment (1956 Senate Journal,
p. 1128) inserted the words "who are or may be retired for
superannuation." See, for passage, 1956 Senate Journal,
p. 1259; 1956 House Journal, p. 1729.

We hold that the specification "retired for superannua-
tion" controls the generality of the prior words: "shall be
deemed to establish and to have established membership in
the retirement system as a contractual relationship."

We do not agree with the plaintiffs that this construction
is to be rejected because it makes an unreasonable distinc-
tion between pensioners. Bases for the distinction can be
found and the express language may be taken to reflect
them.

We reject also the plaintiffs' contention that since they might be recalled to active service under G. L. c. 32, § 8 (2) (or St. 1922, c. 521, § 19), and, if recalled, might thereafter be retired for old age, they are persons who "may be retired for superannuation." We hold that the statute in using the words "are or may be retired" intended to provide for retroactive and future application of the act in respect of persons retired for superannuation.

We do not reach the question whether § 25 (5) has any application to persons retired under St. 1922, c. 521.

A decree is to enter in each case declaring that G. L. c. 32, § 91A, is applicable to the plaintiff.

*So ordered.*