SHEILA ROBINSON vs. TEACHERS' RETIREMENT BOARD &
another.[1]

Suffolk. January 7, 1993. - February 18, 1993.

Present: LIACOS, C J., WILKINS, ABRAMS, NOLAN, & GREANEY, JJ

*Public Employment*, Accidental death benefits. *Interest.*

There was no basis shown, statutory or otherwise, to entitle a plaintiff, the
    widow of a member of the teachers' retirement system, to interest on an
    award of accidental death benefits, and summary judgment was cor-
    rectly entered for the defendant retirement board. [342]


CIVIL ACTION commenced in the Superior Court Depart-
ment on March 18, 1987.

The case was heard by *Charles F. Barrett*, J., on motions
for summary judgment.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Avram G. Hammer* (*John W. Costello* with him) for the
plaintiff.

*Amy Spector*, Assistant Attorney General, for the
defendants.

*S. James Boumil*, for L. Shirley Namay, amicus curiae,
submitted a brief.

NOLAN, J. The plaintiff is the widow of Gerald A. Robin-
son, who was employed as art director in the Arlington pub-
lic schools from 1968 through October 7, 1971, the day of his
death. He was a member of the teachers' retirement system.
He suffered a heart attack while climbing the stairs at school
shortly after his arrival. The plaintiff was awarded retroac-
tive retirement benefits of approximately $160,000 for the

---

[1] The Commonwealth.

period between October 7, 1971 and January 5, 1987, the date on which the award was paid.

The plaintiff submitted an application for accidental death benefits on May 6, 1976, to the Teachers' Retirement Board (TRB). The application was denied and an appeal was taken to the Contributory Retirement Appeal Board (CRAB) under G. L. c. 32, § 16 (4) (1990 ed.). The chief hearings officer of the division of hearing officers (now the division of administrative law appeals) recommended affirming the denial. CRAB affirmed the denial. The plaintiff sought judicial review in the Superior Court, where the case was referred to a special master who ruled that CRAB's decision and that of the hearings officer were erroneous. A judge of the Superior Court adopted the findings of the special master and allowed benefits to the plaintiff. CRAB appealed. The Appeals Court reversed the judgment of the Superior Court and remanded the case to CRAB for additional findings as to whether the plaintiff had met her burden of proof on the issue of causation. See *Robinson* v. *Contributory Retirement Appeal Bd.*, 20 Mass. App. Ct. 634, 641 (1985). On remand, an administrative magistrate of the division of administrative law appeals recommended that death benefits be awarded and CRAB adopted the magistrate's recommendation. On January 5, 1987, TRB paid the plaintiff monthly accidental death benefits from October 7, 1971, to December 31, 1986. The award did not include interest.

The plaintiff commenced an action in the Superior Court to compel payment of interest on the award of accidental death benefits. Both parties filed motions for summary judgment, an appropriate weapon, because the issue is one of law and no genuine issue of material fact is open. Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). The plaintiff's motion was denied and the Superior Court judge ordered summary judgment for the defendants. The plaintiff appealed. We transferred the case to this court on our own motion. We affirm the denial of the plaintiff's motion for summary judgment and affirm the summary judgment entered for the defend-

ants. The sole issue in this appeal is whether the plaintiff is entitled to interest on the award of accidental death benefits.

The plaintiff argues that she is entitled to interest because her claim is based on contract and the Commonwealth is liable for interest on contracts under G. L. c. 258, § 12 (1990 ed.), and G. L. c. 32, § 9 (1990 ed.). The weakness of the plaintiff's argument is in its premise, i.e., that her claim is contractual.

There is no authority for the proposition that a claim for accidental death benefits is contractual. Nothing in G. L. c. 32 supports the claim. The case which comes closest to supporting the plaintiff's position is *Smolinski* v. *Boston Retirement Bd.*, 346 Mass. 210 (1963), in which the court held that retirement benefits for members of the system who "retired for superannuation" were contractual. *Id.* at 212. *Smolinski* does not help the plaintiff because it did not encompass accidental death benefits. See *Opinion of the Justices*, 364 Mass. 847, 860 (1973). The present case involves noncontractual benefits.

The plaintiff's burden is a heavy one because it requires her to demonstrate statutory authorization for the payment of interest on an award for accidental death benefits. She is not able to do so. *Broadhurst* v. *Director of the Div. of Employment Sec.*, 373 Mass. 720, 726-727 (1977).

*Judgment affirmed.*