Velis, J.
The plaintiff, Maurice Garofoli (“Garofoli”), filed this complaint for judicial review of administrative decisions pursuant to G.L.c. 30A, §14. The Worcester Retirement Board (“the Board”), reduced Garofoli’s Accidental Disability Retirement Allowance (“Allowance”), and on appeal, the Contributory Retirement Appeal Board (“CRAB”) affirmed the Board’s decision. Garofoli argues that CRAB’s decision is based on errors of law, was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law. For the following reasons, I find that CRAB’s decision was proper, and I hereby ORDER that judgment be entered in favor of the defendants affirming CRAB’s September 12, 1995, decision.
BACKGROUND
In 1980, Garofoli was hired as a laborer and truck driver by the City of Worcester. On February 8, 1984, Garofoli sustained injury to his left shoulder while in the performance of his work duties, specifically, attempting to pull a Christmas tree from the frozen snow. As aresult of his injuries, Garofoli lost time from work and received workers’ compensation benefits. In December of 1988, at sixty-one years of age, Garofoli applied to the Board for accidental disability retirement due to the February 8, 1984, injury. The Board granted Garofoli’s application and granted benefits effective June 8, 1988. As benefits, Garofoli received a monthly retirement allowance of $871.71 from the Board.
On January 12, 1988, G.L.c. 32, §7(2)(b 1/2) became effective. This statute required that a member who accrued less than ten years of service and who retired for accidental disability after turning fifty-five years of age will have his retirement allowance reduced upon turning sixty-five years of age to reflect a superannuation retirement consistent with the provisions of G.L.c. 32, §5.[2] Garofoli claims that he was never notified that this statute took effect.
In June of 1992, Garofoli turned sixty-five years of age. On November 4, 1992, the Board notified Garofoli that his benefits were being recalculated. On November 17, 1992, the Board notified Garofoli that his benefits should have been reduced upon his turning sixty-five years of age in June of 1992, and that he had been overpaid since that time. The Board told Garofoli that his new monthly payments would equal $391.64, that the total overpaid amount was $ 1654.46, and that his monthly payments would be suspended until the parties agreed upon a repayment schedule. On December 3, 1992, Garofoli and the Board entered into a written agreement whereby Garofoli agreed to pay the Board $100.00 a month until the total overpayment was repaid in full.
Garofoli appealed the reduction of his benefits to CRAB, and a hearing was held on February 7, 1995, before the Division of Administrative Law Appeals (“DALA”), Sarah H. Luick, Administrative Magistrate, presiding. At this hearing, Garofoli argued that the application of G.L.c. 32, §7(2)(b 1/2) to his circumstances constituted an error of law because it was applied retroactively to deprive him of a reasonably expected benefit, and that the statute was invalid because it is preempted by the Federal Age Discrimination in Employment Act (“ADEA”) and is in violation of the Massachusetts Equal Rights Law, G.L.c. 93, § 103(a), as well as the Massachusetts and federal constitutions.
In an April 28, 1995, decision, DALA Administrative Magistrate Luick affirmed the Board’s decision and concluded that the “Appellant’s legal challenges are best addressed in the Courts.” On September 12, 1995, CRAB affirmed Magistrate Luick’s decision and *626 adopted her findings. CRAB also stated that it lacked the authority to address the alleged violations of the federal statutes, the Massachusetts Equal Rights Law, and the Massachusetts and federal constitutions.
The parties in this action have filed cross-motions for judgment on the pleadings.
DISCUSSION
In reviewing an administrative agency’s decision, a court may only set aside or modify the decision if it determines that the substantial rights of a party have been prejudiced because the agency decision was: a) in violation of constitutional provisions; b) in excess of the statutory authority or jurisdiction of the agency; c) based upon an error of law; d) made upon unlawful procedure; e) unsupported by substantial evidence; f) unwarranted by facts found by the Court on the record as submitted; or g) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. G.L.c. 30A, §14(7). The burden is on the appealing party to show that the agency decision was invalid. Bagely v. Contributory Retirement Appeal Board, 397 Mass. 255, 258 (1986). A court reviewing an administrative decision must be “highly deferential to the agency of questions of fact and reasonable inferences drawn therefrom.” Flint v. Commissioner of Public Welfare, 412 Mass. 416, 420 (1992). Even if the reviewing court might reach a different conclusion, it cannot substitute its own views for those of the agency if a reasonable mind could accept the agency’s conclusion based upon the record. Southern Worcester County v. Labor Relations Commission, 386 Mass. 414, 419-20 (1982).
Here, there is no evidence on the record that the Board or CRAB acted in excess of its authority or acted upon unlawful procedure. There is also no evidence that any decision by the Board or CRAB was unsupported by substantial evidence, unwarranted by facts on the record, or was arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. Instead, the record supports the view that the Board, and in turn CRAB during its review, applied the proper statutory procedure in determining the benefit reduction.[3]
Additionally, Garofoli’s argument that CRAB failed to apply the proper standard in determining whether he was deprived of a “reasonably expected employment benefit,” must fail.[4] Reviewing courts shall give due weight to the experience, technical competence and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it. G.L.c. 30A, §14(7); Lisbon v. Contributory Retirement Appeal Board, 41 Mass.App.Ct. 246, 257 (1996); Board of Selectmen of Marion v. Labor Relations Commission, 7 Mass.App.Ct. 360, 361 (1979). There is no evidence that the Board or CRAB acted improperly or outside of its discretion in communicating information to Garofoli or in reviewing his claim. This court defers to the factual and legal determinations of CRAB that under the circumstances the Board adequately informed Garofoli of his rights and obligations surrounding his benefits.
The only remaining claims that Garofoli makes were those that the Board and CRAB declined to address because of their concerns with jurisdictional authority. These claims are that the Board and CRAB relied on violations of constitutional provisions and errors of law in rendering their decisions. Specifically, Garofoli argues that both because G.L.c. 32, §7(2)(b 1/2) was a violation of state and federal statutes and constitutions, and because the Board and CRAB did not address such an issue, the Board and CRAB based their decisions on errors of law and violations of constitutional provisions. This court agrees with the Board and CRAB that the determination whether G.L.c. 32, §7(2)(b 1/2), violates state and federal statutes and constitutions is best left for the courts and not for administrative agencies. Therefore, this court need only address whether the statute is in violation and whether the agencies, in following the statute, based their decisions on errors of law.
Garofoli first argues that G.L.c. 32, §7(2)(b 1/2) violates the ADEA. The ADEA was amended to cover state retirement benefit plans through the enactment of the Older Workers Benefit Protection Act (“OWBPA”) on October, 16, 1990. In enacting the OWBPA, however, Congress specifically stated that it would not apply to “a series of benefit payments made to an individual or the individual’s representative that began prior to the effective date pursuant to an agreement that was in effect on the effective date ...” OWBPA § 105(e). Garofoli’s stream of benefits commenced prior to October 16, 1992, and as a result he has no claims for violations of the ADEA. See Riva v. Commonwealth, 871 F.Supp. 1511, 1519-20 (D.Mass. 1994), aff'd in part, rev’d in part, 61 F.3d 1003 (1st Cir. 1995).
Garofoli also asserts that the statute is invalid because it violates the Massachusetts and federal constitutions as well as the Massachusetts Equal Rights Law. Cases involving claims of age discrimination require only a rational basis review. See Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 314 (1976). See also Fine v. Contributory Retirement Appeal Board, 401 Mass. 639, 641 (1988); Plummer v. Gillieson, 44 Mass.App.Ct. 578, 582 (1998). “Under this rational basis review, the statute bears a strong presumption of validity, and the burden of proving the measure invalid rests with the party challenging it.” Prudential Ins. Co. of America v. Commissioner of Revenue, 429 Mass. 560, 568 (1999). The rational basis for the age-based analysis for provisions of accidental disability retirement is to prevent fraudulent applications and “the use of old injuries improperly to obtain extra benefits under [G.L.c. 32, §7.]” Fedorchuk v. Contributory Retirement Appeal Board, 26 Mass.App.Ct. 916, 918 (1988). Prior to the enact *627 ment of the OWBPA, the Supreme Court held that an employee challenging a benefit plan must prove that “the discriminatory plan actually was intended to serve the purpose of discriminating in some non-fringe-benefit aspect of the employment relation.” Public Employees Retirement System v. Betts, 492 U.S. 158, 181 (1989).
Here, there is no evidence that G.L.c. 32, §7(2)(b 1/2) violates the Massachusetts or federal constitutions or the Massachusetts Equal Rights Law. Garofoli has not met his burden of demonstrating that the statute is invalid and his constitutional attacks on CRAB’S decision are unfounded. CRAB’s decision, affirming the Board’s and Magistrate Luick’s decisions, was supported by substantial evidence and Garofoli has failed to meet his burden of demonstrating otherwise.
ORDER
For the foregoing reasons, it is hereby ORDERED that judgment enter for the defendants and the September 12, 1995 decision by CRAB be affirmed.

 General Laws chapter 32, §7(2)(b 1/2) was abolished pursuant to St. 2000, c. 123, §24.

 Similarly, where a member has retired for disability, and the retirement statute is subsequently amended to limit or diminish the disabled retiree’s material expectations, the disabled retiree cannot claim impairment of contract to obtain relief. See Smolinski v. Boston Retirement Board, 346 Mass. 210, 212 (1963).

 Garofoli claims that had he been notified prior to, or by, his sixty-fifth birthday that his benefits would be recalculated, he would have had the opportunity to establish his permanent disability in a timely fashion.