WINSLOW WARREN & others, trustees, & others, *vs.* DAVID
STONEMAN.

Suffolk.    May 12, 1931. — June 27, 1931.

Present: CROSBY, PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Contract,* Construction, Performance and breach, In writing. *Equity*
*Pleading and Practice,* Plea. *Evidence,* Extrinsic affecting writing.
*Words,* "Deed," "Conveyance."

In a suit in equity by trustees for specific performance of a contract made
with them by the defendant, whereby they were to release all their
interest in a private way in consideration of the payment of a certain
sum to them by the defendant, provided the owner of certain property
"will deed" the property to a certain corporation on or before a speci-
fied date; and that if "said conveyance is not made by" the owner on
or before said date, "both parties to this document are released there-
from," it was *held,* that the contract was not ambiguous, and meant
that no right in the trustees to payment by the defendant would arise
if on or before said date there should not be a transfer of title by the
owner to the corporation and an acceptance thereof by it; and that the
trustees could not maintain the suit where it appeared that, on or before
said date, the owner merely made a tender of a deed of the property
which was refused by the corporation.

The bill in the suit in equity above described contained allegations that
the owner did "deed" the property and did make such "conveyance"
and that all things provided in the contract to be done by the plain-
tiffs and the owner were done. The defendant filed a plea containing
allegations that the owner did not deed nor make any conveyance of
the property on or before the date specified. *Held,* that the plea was
not defective, notwithstanding the allegation in the bill that the
plaintiffs and the owner did "all things" required of them by the
contract: the plea set forth a single fact sufficient to defeat the suit,
namely, that the conveyance, which was a prerequisite to the defend-
ant's liability to pay the plaintiffs the sum specified, was not made.

The contract above described not being ambiguous, evidence of previous
drafts thereof and of previous or contemporaneous negotiations rela-
tive thereto properly was excluded at the trial of the suit.

BILL IN EQUITY, filed in the Superior Court on March
20, 1930, and afterwards amended.

The bill and the defendant's plea thereto are described
in the opinion. The plea was heard by *McLaughlin,* J., a
stenographer having been appointed under G. L. c. 214,

§ 24; Equity Rule 29 (1926). The judge found the facts alleged in the plea to be true and sustained the plea; and by his order a final decree was entered dismissing the bill. The plaintiffs appealed.

*J. F. Cusick* (*D. M. Lyons* with him,) for the plaintiffs.

*R. G. Dodge*, for the defendant.

CARROLL, J. This suit in equity is to secure specific performance of a contract as follows: "October 8, 1929. David Stoneman, Esquire, 31 Milk Street, Boston, Massachusetts. Dear Sir: Re Lowell Court. In pursuance of our offer of Friday, October 4, 1929, and your acceptance of that offer of today, October 8, 1929, Mary J. Stafford, Trustee under the will of Andrew Carney to succeed Ann Alexis Shorb, and Carney Hospital, Incorporated, beneficiary under the said trust, and Andrew C. Reggio, Winslow Warren and Walter B. Grant, as they are Trustees under the will of Andrew Carney, will release all their right, title and interest in and to a private way in the City of Boston now known as Lowell Court, for the sum of forty thousand dollars ($40,000), payable on or before December 2, 1929, provided George L. DeBlois and others, Trustees of the Hotel Trust, will deed the Touraine Hotel property to the Boylston and Tremont Corporation on or before December 2, 1929. If said conveyance is not made by said DeBlois et als, Trustees, on or before December 2, 1929, both parties to this document are released therefrom. Yours very truly, (Signed) Daniel M. Lyons   Attorney for Mary J. Stafford, Trustee and Carney Hospital, Incorporated   (Signed)   John F. Cusick   Attorney for Trustees under the Will of Andrew Carney   Accepted and confirmed, — (Signed) David Stoneman."

The defendant filed a plea in bar, alleging that DeBlois and the trustees of the hotel trust did not deed the hotel property to the Boylston & Tremont Corporation, nor make any conveyance of said property on or before December 2, 1929, or at any other time. The trial judge found the facts stated in the plea to be true, and sustained the plea. The bill was dismissed by final decree. The plaintiffs appealed.

It appeared that by an agreement of December 27, 1928,

DeBlois and Gardiner, as trustees, agreed to sell the Touraine property to the Boylston & Tremont Corporation. Attached to this agreement there was an escrow agreement from which it appears that the buyer proposed to buy not only the hotel property but other contiguous parcels of land on which there was a private way known as Lowell Court. The completion of the purchase was to be subject to the condition, among others, that the Lawyers Title & Guaranty Company of New York should certify that the deeds to be tendered would convey a good, marketable title to the entire tract. The date for performance was postponed from time to time and was finally fixed as December 2, 1929. It was discovered that the title to the fee in half of the private way known as Lowell Court was probably outstanding in the successors of those who owned the adjoining property in early days, and it became necessary to purchase the rights of the parties claiming under Andrew Carney. The defendant directed that the deeds from the plaintiffs were to be made out to the Boston Young Men's Christian Union, the owner of part of the land to be conveyed to the Boylston & Tremont Corporation. On December 2, 1929, the deeds of all the land involved, including the plaintiffs', were tendered as required by the agreement. The tender was refused, for the reason among others, that the Lawyers Title & Guaranty Company had given a title certificate which was not satisfactory.

The agreement of the defendant with the plaintiffs was not ambiguous. The sum of $40,000 was to be paid when the trustees of the hotel trust deeded the hotel property to the Boylston & Tremont Corporation on or before December 2, 1929, and if this conveyance was not made, both parties to the document were to be released therefrom. The mere tender of the deed from the hotel trustees to the Boylston & Tremont Corporation was not a conveyance, and the condition of the agreement was not fulfilled by such a tender. The agreement provided for a conveyance. There was no conveyance. As the terms "deed" and "conveyance" are used in the contract, there was no conveyance or deed unless there was a transfer of title and an acceptance of the deed by

the buyer. *Meigs* v. *Dexter*, 172 Mass. 217, 218. Assuming that the word "conveyance" is sometimes used as synonymous with "deed" that fact does not show that the hotel trustees deeded or made conveyance of the property within the meaning of the word "deed" or "conveyance" as these words are used in the agreement.

The plea was sustained properly. It set forth a single fact which was sufficient to defeat the suit. See *Reilly* v. *Selectmen of Blackstone*, 266 Mass. 503, 507. The plaintiffs alleged that the hotel trustees did "deed" the Touraine property and did make such "conveyance." The plea denied these allegations. Unless the hotel trustees performed this condition the plaintiffs could not recover. The fact that the bill alleges that the hotel trustees did deed the hotel property and did make said conveyance, and that all things provided in the agreement of October 8, 1929, to be done by the plaintiffs and the hotel trustees were done, does not make the plea defective. The thing to be done was to deed and convey the property, and nothing was to be paid if this was not done.

The trial judge excluded evidence that the plaintiffs' attorneys rejected prior drafts of an agreement, on the ground that they would make no agreement conditional upon acceptance by the Boylston & Tremont Corporation, and also that the defendant said his only doubt was whether the Touraine trustees would offer the deed and go through with the transaction. The evidence was excluded properly. The agreement was not ambiguous. It could not be varied by parol evidence of antecedent or contemporaneous agreements. *Goldband* v. *Commissioner of Banks*, 245 Mass. 143. *Canton* v. *Thomas*, 264 Mass. 457. Cases where parol evidence is admissible to remove an ambiguity in an agreement are not applicable here.

*Decree affirmed with costs.*