ALFRED GARDNER & others vs. WILLIAM F. CALLAHAN
& others.

Suffolk.    February 3, 1964. — February 6, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Massachusetts Crime Commission.    Special Commission.    Words, "Coöperation."*

The duty of "co-operation of all agencies of state and local governments"
with the Massachusetts Crime Commission imposed by Res. 1962, c. 146,
creating the commission, is too vague and uncertain to be enforced by
the courts, and a demurrer based on that ground must be sustained, and
judgment for the respondents entered, in a mandamus proceeding
against the members of the Massachusetts Turnpike Authority to com-
pel their coöperation with the commission by affording representatives
of the commission physical access, for inspection and copying, to the
authority's records of meetings and votes, certain construction and other
contracts, records of payments to appraisers and attorneys, records of
settlements with landowners, and payroll records.

PETITION for a writ of mandamus filed in the Supreme
Judicial Court for the county of Suffolk on November 20,
1963.

The case was reserved and reported by *Reardon, J.*, with-
out decision.

*Harold M. Willcox* (*Carl M. Sapers & Donald N. Sweeney*
with him) for the petitioners.

*Edward O. Proctor* (*Richard Ely* with him) for the re-
spondents.

WILKINS, C.J.    In this petition for a writ of mandamus
the petitioners are the seven members of the special unpaid
commission (sometimes called the Massachusetts Crime
Commission) appointed by the Governor pursuant to Res.
1962, c. 146.    The respondents are the three members of
the Massachusetts Turnpike Authority appointed by the
Governor pursuant to St. 1952, c. 354.    The purposes of the
petition are to require the respondents to make available
certain records and "to cooperate fully with the commission

in the conduct of its investigation." The respondents filed both a demurrer and an answer. G. L. (Ter. Ed.) c. 249, § 5. A single justice has reported the case without decision.

Among the grounds of demurrer was "9. The duty of cooperation alleged to be imposed by said Chapter 146 contains no legislative standard and is too vague and uncertain to be enforced by the courts." If any ground is good, the demurrer should be sustained. *Hiller* v. *American Tel. & Tel. Co.* 324 Mass. 24, 25.

By the first paragraph of Res. 1962, c. 146, the commission is directed "to investigate and study as a basis for legislative action the existence and extent of organized crime within the commonwealth and corrupt practices in government at state and local levels, the existence of conditions which tend or may tend to prevent or interfere with the proper enforcement of the laws relating thereto, the existence of physical, legal and policy limitations on the powers and functions of those charged with the duty of enforcement of said laws and the extent to which the power of the government of the commonwealth in relation to the enforcement of said laws may or should be properly exercised at state and local levels. . . ."

The third paragraph of the resolve contains the sentence, "The commission may require the co-operation of all agencies of state and local governments."

The petition, after making these quotations from the resolve, alleges that the commission, pursuant to vote of its members, notified the authority that it is required to coöperate with the commission by permitting representatives of the commission to have physical access, for the purpose of inspection and copying, to the following records of the authority: "1. Original minutes of all meetings held and records of all votes taken by the Massachusetts Turnpike Authority from January 1, 1956 to date. 2. In connection with the Massachusetts Turnpike extension from Weston to Boston, a. All contracts, agreements or work orders between the Authority and any contractors, subcontractors, suppliers or consultants. b. Agreements with and rec-

ords of payment to all appraisers and attorneys who provided or are providing services to the Authority.  c.  Records of all settlements made to date with owners of land taken by the Authority including amount of payments, valuation established by the Review Board and attorneys of record for such owners, in each case.  3.  All payroll records, including W–2 forms and other Federal withholding records, for all persons employed by the Authority from January 1, 1956 to date.  4.  All contracts, agreements or work orders between the Authority and any company or individual relating to the supplying and erection of traffic signs on any project over which the Authority had or has jurisdiction.''

The petition further alleges that the authority has refused to give such access; that the authority is such an agency of State government as is properly subject to the commission's investigations; and that the authority is required by law to coöperate with the commission and has refused to do so.

The petition prays that a writ of mandamus issue commanding the respondents (1) forthwith to cause the authority to permit the commission and its representatives to have physical access, for the purposes of inspection and copying, to the records hereinbefore described; and (2) ''to cooperate fully with the Commission in the conduct of its investigation.''

We are of opinion that the ninth ground of demurrer is valid.  The courts are not equipped for the task of carrying on supervision of coöperation between two groups of individuals such as members of boards or commissions.  There is not only the uncertainty of definition based upon necessarily elastic interpretations but there is the continuous character of what might be, or might not be, thought to be coöperation.

It seems probable that the Legislature did not intend to impose this duty upon the courts.  This conclusion we derive, among other things, from two other parts of the resolve.  In the third paragraph, immediately preceding the

coöperation clause, there is a provision that, upon request of the commission, the Commissioner of Public Safety shall furnish information and assign to it assistants and investigators.[1] The fourth paragraph of the resolve gives in some detail the manner in which witnesses may be summoned and the powers of courts with reference to compelling attendance and the giving of testimony.[2] If the legislative intent was that the authority, like the Commissioner of Public Safety, upon request of the commission, should automatically furnish anything in its possession, we would have expected similar language to be used. If that intent likewise was that courts should compel coöperation, it could easily have been so provided, as in compelling the attendance of witnesses, and the word "coöperation" could have been more precisely defined.

We do not reach any question under G. L. c. 4, § 7, Twenty-sixth (as amended through St. 1962, c. 427, § 1).

*Demurrer sustained.*

*Judgment for the respondents.*

---

[1] "The commission shall request the commissioner of public safety to assist it in its investigation and study and he shall furnish any information in his possession which is so requested and he shall assign such assistants and investigators to said commission as it may request."

[2] "Any justice of the supreme judicial court or of the superior court may upon application by the commission compel the attendance of witnesses summoned as aforesaid and the giving of testimony under oath before the commission in furtherance of any investigation under this resolve in the same manner and to the same extent as before said courts."