SILVERMAN'S LIQUOR MART, INC. & others *vs.* LICENSING BOARD FOR THE CITY OF BOSTON & others.

Suffolk. December 7, 1964. — February 17, 1965.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Equity Jurisdiction,* Specific performance, Declaratory relief. *Contract,* For sale of corporate stock. *Sale,* Contract of sale. *Alcoholic Liquors,* Corporate licensee. *Equity Pleading and Practice,* Demurrer. *Moot Question.*

Under a contract of sale of the capital stock of a corporation engaged in the business of selling liquor, providing that the contract should become "null and void" in the event that "final and legal effective approval of . . . licensing authorities . . . to the change of . . . stockholders" could not be obtained before a specified date, an approval of the stock transfer granted by the local licensing board prior to that date, but

348 Mass. 524                                     525

Silverman's Liquor Mart, Inc. v. Licensing Board for Boston.

subject in effect to a reservation by the board of a right to "pursue the legal status" of the corporation's liquor license in view of "questions of law raised" concerning it and to "pursue [such questions] to an ultimate determination" regardless of "any effect an adverse determination . . . [might] have upon the license," did not satisfy the condition precedent of "final and legal effective approval," and the sellers were not entitled to specific performance of the contract by the buyers. [529–530]

Where, in a suit in equity basically for specific performance by the defendants of a contract to buy from the plaintiffs the capital stock of a corporation engaged in the business of selling liquor, the plaintiffs were not entitled to specific performance because an approval of the stock transfer by the local licensing board subject to certain reservations concerning "questions of law raised" as to the corporation's liquor license did not satisfy a condition precedent contained in the contract requiring "final and legal effective approval" of the transfer by the board within a specified time, which had expired before the commencement of the suit, the plaintiffs in the circumstances were not entitled to certain relief sought against the board by way of an order directing it to approve the transfer "without reservations" and a declaration upon a question of law. [530–531]

BILL IN EQUITY filed in the Superior Court on June 20, 1963.

The suit was heard by *Sullivan, J.*, on demurrers and a plea in bar.

*David Burstein* (*Fred Ross* with him) for the plaintiffs.

*Charles F. Mahoney* for the defendant Licensing Board for the City of Boston.

*Benjamin Gargill* (*David Berman* with him) for the defendants Benjamin Goldberg & others.

SPIEGEL, J. This is a bill in equity to compel specific performance by the defendants[1] of written agreements to purchase the plaintiffs'[2] stock in Silverman's Liquor Mart, Inc. (corporation), and to purchase certain real estate. It also seeks, inter alia, an order directing the Licensing Board for the City of Boston (board)[3] to approve "with-

---

[1] Benjamin Goldberg, Sara R. Berkman and Dorothy W. Shapiro (hereinafter referred to as the defendants).

[2] Jacob Kagan and George B. Rittenberg (hereinafter referred to as the plaintiffs).

[3] The bill is brought against John J. Callahan, Clarence R. Elam and Timothy F. Tobin as members of the board. The plaintiffs and the corporation were subsequently permitted to substitute as a party defendant, Albert L. O'Neil, who had been duly appointed a member of the board to replace Timothy F. Tobin, deceased.

out . . . reservations'' a petition for transfer of stock. The defendants filed a plea in bar and demurred to the bill. The board also demurred. The plaintiffs and the corporation appeal from interlocutory decrees sustaining the demurrers and the plea in bar,[4] and from a final decree dismissing the bill.

The material allegations in the bill are as follows: Since 1934 the corporation has held a license for the retail sale of alcoholic beverages ''not to be consumed on the premises.'' The capital stock of the corporation was owned by one Joseph Silverman until his death in 1951. The Probate Court thereafter appointed the plaintiffs to serve as executors and trustees under Silverman's will. ''For many years,'' the applications for annual license renewals filed by the corporation disclosed that the capital stock was owned by the plaintiffs as executors and trustees. On January 25, 1962, the corporation petitioned the board, requesting a transfer of its license to a building owned by the plaintiffs near the original location of the liquor store operated by the corporation. The board held a public hearing on the petition and ''denied . . . [the] application for transfer without assigning any reasons.'' The corporation thereupon appealed to the Alcoholic Beverages Control Commission, which remanded the matter to the board on July 10, 1962, recommending that the transfer be granted. On September 24, 1962, the board approved the transfer of the license ''with a reservation as to whether an executor or trustee may own stock in a corporate licensee.'' On November 28, 1962, the corporation applied to the board for a renewal of its license for the year 1963. After a hearing on the matter, the corporation was notified, on De-

---

[4] The defendants' plea in bar, filed on July 12, 1963, states that ''there are pending before the Probate Court . . . petitions for the return of the deposits and cancellation of the agreements,'' and ''that the respective rights of the . . . [plaintiffs and defendants] will be determined'' therein. That plea was sustained by interlocutory decree on December 2, 1963. After having appealed therefrom, the plaintiffs filed a suggestion to the effect that the defendants' petitions in the Probate Court had been dismissed without prejudice. Because of the view we take of this case, it is unnecessary to consider the appeal from the decree on the plea in bar.

348 Mass. 524                                        527

Silverman's Liquor Mart, Inc. *v.* Licensing Board for Boston.

cember 31, 1962, that the board "voted to renew the license
. . . *in order to prevent undue hardship pending any future legal determination of questions of law raised at the hearing*" (emphasis in original), and that the board "reserves its rights to pursue the legal status of this license, notwithstanding the above action taken."

On February 21, 1963, the plaintiffs, as executors and trustees, "entered into written agreements" with one of the defendants for purchase by him of the stock in the corporation and of the real estate to which the corporation's liquor license had been previously transferred.[5]   The agreements provided, inter alia, that "After final and legal effective approval of all the applicable licensing authorities has been obtained to the change of officers, directors, and stockholders . . . then the parties agree to have all their respective papers ready to pass papers and will make the respective payments and transfers . . . provided further that no appeals or other legal proceedings shall then be pending in connection with this agreement or said agreement pertaining to the real estate.   In the event that all such approvals of the [l]icensing [a]uthorities . . . cannot be obtained on or before . . . [April 12, 1963][6] as hereinbefore set forth, through no fault of the parties, then the deposit shall be returned, this agreement shall become null and void, and the parties placed in status quo without further obligation to each other. . . .   The consummation of this purchase and sale agreement [as to the real estate] is contingent upon the consummation of . . . [the] purchase and sale agreement . . . pertaining to the sale of the shares of stock . . . .   In the event said agreement shall not be consummated for any reason, then this agreement shall become automatically null and void . . . ."

Appropriate petitions were filed with the board requesting permission to transfer the stock to the defendants.   On April 8, 1963, the board notified the corporation of its de-

---

[5] The other two defendants subsequently became co-purchasers under the written agreements.

[6] Date as amended by parties.

528                                 348 Mass. 524

Silverman's Liquor Mart, Inc. v. Licensing Board for Boston.

cision "to approve the transfer of stock" "subject to the conditions under which the license of . . . [the] corporation was renewed." In this connection, the board cited "the conditions that it reserve its rights to pursue to an ultimate determination certain legal questions raised surrounding this particular license." The board stated that it "does not waive these conditions or any effect an adverse determination may have upon the license." The defendants thereupon refused to consummate the purchase on the ground that the "reservations" stated by the board "imposed a cloud on the title" of the plaintiffs. Counsel for the plaintiffs and defendants subsequently "endeavored unsuccessfully" to convince one of the members of the board "of the impropriety" of the reservations. "A serious controversy and dispute exists" between the plaintiffs and the defendants regarding the consummation of the "purchase and sale agreements," and between the plaintiffs and the board "as to the propriety and legality of their conduct in this matter and specifically whether an executor or trustee may lawfully hold title to the capital stock issued by a corporation which is licensed under General Laws Chapter 138 Section 15, as amended."

In the prayers of their bill, the plaintiffs seek: "2. . . . an order and decree . . . directing the . . . [defendants] to perform and carry out forthwith all the Buyer's obligations and agreements contained in said purchase and sale agreements dated February 21, 1963, as amended. 3. . . . an order and decree . . . that the ninth paragraph of Section 23, as amended, of Chapter 138 of the General Laws does not prohibit an executor or trustee from owning stock issued by a corporation which is a licensee under Section 15, as amended, of said Chapter 138. 4. . . . an order and decree . . . directing the . . . [board] to approve the petition for transfer of stock without the reservations . . . ."

I. The defendants demurred to the bill on several grounds. "If any ground is good, the demurrer should be sustained." *Gardner* v. *Callahan*, 347 Mass. 21, 22. The

348 Mass. 524                                        529

Silverman's Liquor Mart, Inc. v. Licensing Board for Boston.

only ground which is argued in the defendants' brief is that the bill shows "that the . . . [plaintiffs] were unable to deliver to . . . [the defendants] final and legal effective approval of all of the applicable licensing authorities by the date on which the sale of the . . . capital stock was to be consummated, through no fault of . . . [the defendants]." In this regard, the defendants contend, inter alia, that the board's approval of the transfer of stock was not "final." On the other hand, the plaintiffs argue that the board "discharged . . . [its] authority in the matter by . . . [approving] the transfer of the stock and the change of officers and directors," and that the board's reservations "had no legal effect whatsoever."

The agreements of the parties require "final and legal effective approval of all the applicable licensing authorities . . . to the change of officers, directors, and stockholders" before April 12, 1963. By the express terms of the agreements such approval is a condition precedent to performance by the defendants. Absent the occurrence of that approval before April 12, 1963, the agreements "shall become null and void." With these provisions in mind, we note that the board's approval of the transfer of the license included "a reservation as to whether an executor or trustee may own stock in a corporate licensee." In addition, although the corporation's license was renewed, the board emphasized the reservation of "its rights to pursue the legal status of . . . [the] license, notwithstanding" the renewal. Similarly, the board approved the transfer of stock, but "subject to the conditions under which the license . . . was renewed." It again reserved "its rights to pursue to an ultimate determination certain legal questions . . . surrounding . . . [the] license," and negated any intention to waive "these conditions or any effect an adverse determination may have upon the license."

We do not here consider the propriety or legality of the board's actions in approving renewals and transfers with "conditions" and reservations. However, these approvals seem tentative. It is apparent that the board considered

doubtful the legal status of the license and its transfer, as well as of the transfer of stock. This doubt is emphasized by the allegation in the bill that "a serious controversy and dispute exists" between the plaintiffs and the board "as to . . . whether an executor or trustee may lawfully hold title to the capital stock issued by a corporation" which is issued a liquor license. We think that, for purposes of the written agreements, the board made no "final and legal [*sic*] effective approval" as to "the change of officers, directors, and stockholders."[7] Therefore, we hold that since the condition precedent to performance by the defendants under the agreements has not occurred, the plaintiffs cannot compel specific performance. *O'Connell* v. *New York, N. H. & H. R.R.* 187 Mass. 272, 279. *Old Colony Trust Co.* v. *Chauncey,* 214 Mass. 271, 274. *Warren* v. *Stoneman,* 276 Mass. 259, 262. Restatement: Contracts, §§ 374, 395. See *Muchnick* v. *Bay State Harness Horse Racing & Breeding Assn. Inc.* 341 Mass. 578, 582–583. On this basis, the defendants' demurrer to the bill was rightly sustained.

II. The plaintiffs and the corporation in their bill seek "an order and decree . . . directing the . . . [board] to approve the petition for transfer of stock without . . . reservations . . . ." Assuming, without deciding, that the question was properly before the court below, we are of opinion that, since the agreement to transfer the stock cannot be enforced, and since the defendants have refused to consummate the agreement, the occasion for determining the question has passed and there is now no actual controversy in the matter. "The possibility that the same issue might arise in the future and that it might be advantageous for the parties to have their rights determined in advance is not enough to call for the rendition of a judgment, which the future might show was of little practical value and

---

[7] General Laws c. 138, § 23, as amended by St. 1955, c. 652, provides, in part: "No stock in a corporation holding a license to sell alcoholic beverages shall be transferred, pledged or issued without first obtaining the permission of the local licensing authority. . . . Failure to comply with the provisions of this paragraph shall be cause for the suspension or revocation of such license."

merely settled a matter that had become no more than a theoretical dispute. The . . . [question] raised by the bill . . . [has] become moot." *Cole* v. *Chief of Police of Fall River,* 312 Mass. 523, 526. *Monteiro* v. *Selectmen of Falmouth,* 328 Mass. 391, 392–393.

The plaintiffs and the corporation purport also to seek a declaration upon a question of law, viz., whether G. L. c. 138, § 23, par. 9, as amended, prohibits "an executor or trustee from owning stock" of a corporate licensee under c. 138, § 15. It is probable that a declaratory decree on the narrow question just mentioned would not terminate all controversy between the plaintiffs and the corporation, on the one hand, and the board, on the other, so it may be that the board's demurrer might be sustained on that ground. Whether this is so, we need not decide. Nor need we decide whether declaratory relief is available against the board in this type of situation. The bill in equity basically sought specific performance and the great bulk of the allegations relate to obtaining that relief which has been denied. It does not, in any event, sufficiently allege the facts relating to the board's proceedings, and the nature of the evidence before the board, to present appropriately whatever controversies may still exist in which the board is concerned. See *Cole* v. *Chief of Police of Fall River,* 312 Mass. 523, 526 ("Parties are not entitled to decisions upon abstract propositions of law unrelated to some live controversy"). See also *Mahoney* v. *Attorney Gen.* 346 Mass. 709, 715; *Selectmen of Truro* v. *Outdoor Advertising Bd.* 346 Mass. 754, 759–760.

*Interlocutory and final decrees affirmed.*