FREDERICK R. WALSH & others *vs.* WOLLASTON GOLF CLUB.

Norfolk.    October 4, 1967. — November 7, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Corporation*, Sale of assets, Stockholder. *Equity Pleading and Practice*, Amendment.

In a suit in equity by stockholders of a golf club corporation who voted against a proposed sale of its land and buildings at a special stockholders' meeting and who sought valuation of their stock and payment therefor by the corporation pursuant to G. L. c. 156B, a demurrer was rightly sustained to the bill where it alleged that after the authorizing vote of the stockholders the president declared that the sale "was thereby authorized and became effective" but did not allege a prerequisite to the relief sought stated in § 76, that the sale had "been consummated." [249]

The granting or refusal of leave to amend a bill in equity rests in the sound judicial discretion of the trial court. [249]

BILL IN EQUITY filed in the Superior Court with a writ of summons and attachment dated March 17, 1966.

A demurrer and a plea in abatement were heard by *Taveira*, J.

*Frederick R. Walsh* for the plaintiffs.

*J. Owen Todd* for the defendant.

SPIEGEL, J. This is a suit brought by the plaintiffs "in their own behalf and in behalf of all other stockholders who have demanded payment for their shares and with whom the

[d]efendant [c]orporation has not reached agreement as to the value thereof, as provided in" G. L. c. 156B, § 91. The defendant filed a demurrer and a plea in abatement. The plaintiffs appealed from a final decree sustaining the demurrer with leave to amend denied, sustaining the plea in abatement, and dismissing the bill. They also filed exceptions to (1) the sustaining of the demurrer with leave to amend denied; (2) the sustaining of the defendant's plea in abatement; and (3) an order that the copy of the charter of incorporation "be marked as an exhibit, but only as it applied to the [p]lea in [a]batement and in no way to apply to the [d]emurrer."

We summarize the material allegations of the bill. The defendant is a Massachusetts corporation organized under c. 115 of the Public Statutes, as amended. The plaintiffs are stockholders of record of the defendant. The defendant is the owner of record of 92.658 acres of land with the buildings thereon, all of which are used to maintain a golf course, clubhouse building and several other accessory uses. At a special stockholders' meeting, 219 of the 296 stockholders of record voted to sell all of the land and buildings and the plaintiffs voted against the "proposed action." After the votes had been cast the president of the defendant corporation "declared that more than the required two-thirds of those entitled to vote having voted in favor of the said sale, the same was thereby authorized and became effective." Subsequently, the plaintiffs demanded "payment to each of them of the fair value of their respective stock . . . as provided" by G. L. c. 156B, § 89. The "defendant has not reached an agreement with and has failed to pay to each [p]laintiff the fair value of his respective stock."

The defendant demurred to the bill on several grounds. In its brief it relies on two of them: (1) "That it appears from the plaintiffs' Bill that the suit is brought pursuant to the provisions of Section 91 of Chapter 156B but that the defendant is a Massachusetts corporation incorporated on January 20, 1899 under Chapter 115 of the Public Statutes as amended, and therefore the provisions of Chapter 156B

are not applicable to this defendant," and (2) "That it does not appear from the plaintiffs' Bill that the sale of the defendant's assets concerning which a vote was taken and against which the plaintiffs voted has in fact taken place, and, therefore, this suit does not lie under Chapter 156B."

We deal with the latter ground first, since it is dispositive, for "[i]f any ground is good the demurrer should be sustained." *Gardner* v. *Callahan*, 347 Mass. 21, 22. *Silverman's Liquor Mart, Inc.* v. *Licensing Bd. for Boston*, 348 Mass. 524, 528. General Laws c. 156B, § 76, reads in pertinent part: "A stockholder in any corporation which shall have voted to sell . . . all or substantially all its property and assets . . . who objects to such action . . . shall be entitled, if such sale . . . shall have been consummated . . . , to demand payment for his stock from the corporation . . . ." The plaintiffs allege in their pleadings that after the authorizing vote of the stockholders "the President thereupon declared" that the sale "was thereby authorized and became effective." This merely alleges the authorization by the corporation of the prospective sale. The statute, however, makes such an authorizing vote but one of two prerequisites to relief. The additional requirement is that there must be a consummated sale and no such allegation was made. On this basis, the demurrer to the bill was rightfully sustained.

The plaintiffs contend that the judge was in error in "permitting the defendant to introduce evidence in support of its demurrer and plea in abatement." Since the failure to allege a consummated sale made the bill demurrable it is unnecessary for us to discuss this contention.

The plaintiffs were denied leave to amend their bill. The denial of leave to amend rests in the sound discretion of the trial court. *Foster* v. *Shubert Holding Co.* 316 Mass. 470, 477. We cannot say that the judge abused his discretion.

In view of our holding we need not decide any other issues raised by the bill of exceptions.

*Exceptions overruled.*
*Decree affirmed.*