Channel Fish Co., Inc. & others [1] vs. Boston Fish Market Corporation & another.[2]

Suffolk.    March 2, 1971. — April 5, 1971.

Present: Tauro, C.J., Spalding, Spiegel, Reardon, & Braucher, JJ.

*Mandamus. Boston Fish Pier. Landlord and Tenant*, Repairs. *Practice, Civil*, Amendment.

A duty "to maintain and keep [a pier] in good condition and repair" is too vague to be enforced by mandamus. [187]

Mandamus sought by tenants at will of a lessee of the Boston Fish Pier did not lie to compel the Massachusetts Port Authority, the holder of the title to the pier, to determine that the lessee had failed to maintain the pier in the same condition as it was when the lease was executed and that such failure constituted a breach of the lease, and to exercise the authority's option therein to terminate the lease for breach of covenant. [187–188]

There was no abuse of discretion or error of law in the denial of a motion to amend a certain petition for a writ of mandamus to which demurrers had been sustained where the proposed amendment left the petition substantially unchanged and did not cure the defects therein. [188]

Petition for a writ of mandamus filed in the Superior Court on January 28, 1970.

Demurrers to the petition were sustained by *Kalus, J.,* and a motion to amend the petition was denied by *Cahill, J.*

*Charlotte Perretta* for the petitioners.

*Robert W. Harrington* for Boston Fish Market Corporation.

*George W. Stuart* for Massachusetts Port Authority.

Spalding, J.    This is a petition for a writ of mandamus. We summarize the averments of the petition as follows: The Massachusetts Port Authority (Authority) has title to

---

[1] The other petitioners are seventeen corporations having their usual place of business on the Boston Fish Pier.    All are hereinafter referred to as the petitioners.

[2] The other respondent is the Massachusetts Port Authority.

the Boston Fish Pier and is required by statute to maintain it. By a 1910 lease the Boston Fish Market Corporation (Corporation) as lessee agreed to keep the Boston Fish Pier (Pier) in the same condition as it was in 1910, excluding "reasonable use and wear," and that in case of breach the lessor "may" determine the estate and expel the lessee. The petitioners are tenants at will of the respondent Corporation and are engaged in the wholesale fish business on the Pier. The Pier is not being maintained and kept in good condition as evidenced by cracked pavement and platforms and broken wooden fenders and ladders, and by broken and empty crates cluttering the dock. The Authority recognized the deplorable condition of the Pier by sponsoring a 1967 study and issuing a pamphlet in conjunction therewith entitled "New Boston Fish Pier . . . ." Nothing has actually been done to maintain or keep the Pier in good condition. By statute, "Each project shall be maintained and kept in good condition and repair by the Authority," and the word "project" includes the Pier.[3] The Corporation if allowed to continue its present dealings will eliminate the domestic fresh fish industry from Boston contrary to the purpose of the original grant by the Legislature to the predecessor of the Authority, which was to encourage the fish industry in Boston. This purpose was spelled out in a 1913 agreement and has not been properly "executed" by the respondents. The petitioners have no other adequate and effective remedy at law or in equity.

The petitioners sought a writ of mandamus ordering the respondents "to maintain and keep in good condition and repair the Pier," and that this court "enter a decree that the original covenants contained in the indenture of lease dated September 24, 1910, . . . have been breached by the . . . Corporation and that the . . . Authority be commanded to expel and remove the . . . Corporation from the . . . Pier as provided in said instrument." The petitioners appeal from orders sustaining the demurrers of the

[3] The statutory reference appears to be §§ 23, 1, as amended, of St. 1956, c. 465, relating to the Authority.

respondents and from a denial of their subsequent motion to amend their petition.

1. The demurrer of each respondent contained four grounds. Each demurrer was sustained generally. If any ground is good, it is sufficient to dispose of the appeal. *Hiller* v. *American Tel. & Tel. Co.* 324 Mass. 24, 25. Since grounds common to both demurrers were (1) that the relief sought is discretionary, and (2) that the relief sought by the petition was too vague, we find it unnecessary to discuss the demurrers separately.

In so far as the petition seeks an order directing the respondents to maintain and keep in good condition the Pier, it is far too vague to be a foundation for mandamus. "That writ is issued only where the respondents are under a legal duty to perform some *particular act* or acts the performance of which the court can order in *definite terms* and enforce if necessary" (emphasis supplied). *Scudder* v. *Selectmen of Sandwich*, 309 Mass. 373, 375. This court will not involve itself in an order which requires the respondent to maintain and keep the premises in good condition and repair. There is not only the uncertainty in the interpretation of these words, as applied to the Pier, but the enforcement of them calls for continuous court supervision of what might be, or might not be, thought to be "good condition and repair." *Gardner* v. *Callahan*, 347 Mass. 21, 23.

It would appear that the real thrust of the petition is not the relief just discussed but rather is to compel the Authority to expel the Corporation from the Pier as provided by the 1910 lease. What the petition asks in effect is that the court enter an order commanding the Authority to determine that the Corporation has failed to maintain the premises in the same condition as they were in 1910 and that this failure constitutes a breach of the lease provisions, and finally to exercise its option to terminate the lease for breach of covenant. Ordering an official body to make such discretionary determinations is not a proper function of a writ of mandamus, since if the act is discretionary there is by definition no official duty to perform it. *Knights* v.

*Treasurer & Recr. Gen.* 236 Mass. 336, 337. This writ will not issue " 'to require public officers to make a particular decision on a matter within their discretion, . . . and we have no right to substitute our judgment for that of the official upon whom the Legislature has imposed the duty of making a decision.' *Leigh* v. *Commissioner of Pub. Health & Charities of Lawrence*, 310 Mass. 343, 344." *Nason* v. *Commissioner of Mental Health*, 351 Mass. 94, 96–97. The demurrers were rightly sustained.

2. The denial of the motion to amend the petition reveals no error of law. The proposed amendment left the petition substantially unchanged and did not cure the defects discussed above. There was no abuse of discretion in denying this motion. *Kolodny* v. *Building Commr. of Brookline*, 346 Mass. 289, 293.

> *Orders sustaining demurrers affirmed.*
> *Order denying the motion to amend affirmed.*