GEORGE I. BREEN *vs.* WOLLASTON GOLF CLUB.

Norfolk.    September 18, 1975. — October 16, 1975.

Present: TAURO, C.J., REARDON, BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Charity.   Corporation,* Sale of assets, Charitable corporation.

The stock appraisal provisions of G. L. c. 156B, §§ 86-98, do not apply to corporations organized under c. 180, and a member of a golf club so organized which had sold its real estate was not entitled to an appraisal and payment of the value of his certificate of ownership in the club.   [778-779]

CIVIL ACTION commenced in the Superior Court on August 26, 1974.

The case was heard by *Morse,* J., on the defendant's motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*Mark A. Breen* for the plaintiff.

*John G. Fabiano* for the defendant.

KAPLAN, J. In his complaint in the Superior Court the plaintiff alleged the following in substance. He is a member of the defendant golf club, a corporation. At a meeting called for the purpose, the members voted approval of a sale of the golf course (including the land and other property).[1] The sale was subsequently carried out.[2] The call to the meeting did not comply with G. L. c. 156B, § 87, which requires that notice be given of the right of individual stockholders, who object to a proposal "to sell, lease or exchange all or substantially all . . . [of the corporation's] property and assets" (§ 76),[3] to pursue statutory procedures looking to a judicial appraisal of the fair value of their interests and payment by the corporation of the sum established. See §§ 86-98. The plaintiff notified the corporation of its noncompliance with c. 156B, § 87, and demanded appraisal of the value of his certificate of ownership, and payment, but the corporation refused relief. Wherefore the plaintiff prays that the court determine the value of his certificate of ownership and award damages.

On the defendant's motion under Mass. R. Civ. P. 12 (b) (6) (1974), 365 Mass. 754 (1974), to dismiss the complaint for failure to state a claim, the defendant offered and the judge received a copy of the defendant's certificate of organization. This showed that the corporation

---

[1] At oral argument it was indicated that the club is now at a different location.

[2] From *Walsh* v. *Wollaston Golf Club,* 353 Mass. 247 (1967), it appears that there was a prior proposal to sell the golf course. The question of the right of objecting members to an appraisal was sought to be raised, but this court did not reach it; the action failed because there was no allegation that the sale had in fact been consummated.

[3] Certain other transactions also give rise to rights of appraisal on the part of objecting stockholders under c. 156B. See §§ 76, 77, 82(e), 83(f), 85.

was organized in 1899 under Pub. Sts. c. 115, the prede-
cessor of G. L. c. 180. The plaintiff did not offer any
opposing material. The judge treated the motion as one
for summary judgment,[4] and entered judgment for the
defendant. This court took the case for direct appellate
review under G. L. c. 211A, § 10 (A).

The answer to this appeal is that the appraisal pro-
visions of G. L. c. 156B, §§ 86-98, on which the plaintiff
bases his complaint, do not apply to c. 180 corporations.
Chapter 156B, entitled "Certain Business Corporations,"
governs generally (with particular exceptions) corpora-
tions having capital stock which are established "for the
purpose of carrying on business for profit." See G. L.
c. 156B, § 3 (a). Chapter 180, entitled "Corporations
for Charitable and Certain Other Purposes," is directed,
on the other hand, to corporations having civic, educa-
tional, charitable, benevolent, religious, or stated cognate
purposes, including specifically the purpose of "fostering,
encouraging or engaging in athletic exercises or yachting."
G. L. c. 180, § 4 (f); see § 2 (c). Chapter 180 does not
by itself provide for appraisal of the interests of objecting
members. But it is argued that the appraisal sections of
G. L. c. 156B, or some of them, should be read as at-
taching to c. 180 corporations also. It is true that c. 180
at various places refers expressly to and imports and
adopts sundry provisions of c. 156B. See c. 180, §§ 3, 6,
6A, 7, 10, 10A. But it does not so treat any of the
appraisal provisions of c. 156B. The significance of this
omission is emphasized by c. 156B, § 3 (b), which after
the direct statement in § 3 (a) of the corporations to
which that chapter applies, goes on to include "all other
corporations to which this chapter is made applicable by

---

[4]Massachusetts Rule of Civil Procedure 12 (b), 365 Mass. 754
(1974), provides: "If, on any motion asserting the defense numbered
(6) . . . matters outside the pleading are presented to and not ex-
cluded by the court, the motion shall be treated as one for summary
judgment . . .."

the express provisions of any other general or special law to the extent provided thereby."

A suggestion appeared in argument that if the statutory appraisal provisions do not cover the present case, then the plaintiff might still fall back on an equivalent or comparable common law right of appraisal. It is, however, very dubious whether such a right ever existed in the absence of statute even with respect to ordinary business corporations (see Bozenhard, Massachusetts Appraisal Statute and Minority Stockholders, 45 Mass. L.Q., No. 3, p. 27 [1960]), and in any event the whole legislative pattern here considered seems comprehensive enough to repel a common law adjunct regarding such a subject as appraisal. The plaintiff has laid no predicate for a claim on any other theory.

We add that we do not think it can be seriously maintained that there is arbitrary discrimination in providing for dissenters' appraisal rights against c. 156B corporations while denying them as to c. 180 corporations. The weakness of such a contention is brought out by considering what grounds are conventionally given, or exist in reason, for allowing appraisal in the case of ordinary business corporations. See Manning, The Shareholder's Appraisal Remedy: An Essay for Frank Coker, 72 Yale L.J. 223 (1962); Eisenberg, The Legal Roles of Shareholders and Management in Modern Corporate Decisionmaking, 57 Cal. L. Rev. 1, 71-86 (1969).[5]

*Judgment affirmed.*

---

[5] The A.B.A.'s Model Nonprofit Corporation Act contains no appraisal provisions. (The 1964 revised edition of this model act is published by the Joint Committee on Continuing Legal Education of the A.L.I. and A.B.A. as Practice Handbook D of the Model Corporation Acts.)