ANTHONY DeLUCA & another *vs.* CHIEF ADMINISTRATIVE JUSTICE OF THE TRIAL COURT. July 7, 1982. The plaintiffs, Anthony DeLuca and Brian H. Grifkin, were among nine court officers of the Superior Court in Middlesex County who were discharged from their positions on October 30, 1981, as a result of a reduction in force made necessary by budgetary constraints. See St. 1981, c. 351, § 8. In determining which court officers to discharge, the defendant Chief Administrative Justice of the Trial Court (Chief Administrative Justice) eliminated from consideration those court officers who were "veterans" as defined in G. L. c. 4, § 7, cl. 43. The plaintiffs, nonveterans, are senior in length of service to approximately fourteen court officers some of whom, but for the defendant's decision to exempt veterans from discharge, would not have retained their positions.

The plaintiffs, after an administrative hearing at which they did not prevail, sought injunctive and declaratory relief from the Supreme Judicial Court for Suffolk County. A single justice issued a preliminary injunction, pending the defendant's filing a statement explaining his action. The defendant filed such a statement. After hearing argument, the single justice entered judgment for the defendant, holding that his discharge of the plaintiffs was lawful.

On appeal, the plaintiffs argue that the Chief Administrative Justice's application of a veterans' preference violated their rights under a collective bargaining agreement and the Federal and Massachusetts Constitutions. Subsequent to oral argument, the parties agreed that the plaintiffs resumed their employment on February 22, 1982. Because the plaintiffs have now resumed their employment, a declaration of this court would not have an immediate impact on their employment rights. The plaintiffs now assert that they sustained a loss of employment benefits including

approximately three months' pay. In their complaint, however, they sought only injunctive relief and a declaration that the action and order of the Chief Administrative Justice was unlawful. They made no claim for damages based on loss of pay. The questions raised by the complaint have become moot. *Silverman's Liquor Mart, Inc.* v. *Licensing Bd. of Boston,* 348 Mass. 524, 530-531 (1965). See *Caputo* v. *Board of Appeals of Somerville,* 330 Mass. 107, 111 (1953).

Therefore, we vacate the judgment of the single justice and order the entry of a dismissal on the basis of mootness.

*So ordered.*

*Daniel J. O'Connell, III,* for the plaintiffs.
*Paul T. Edgar* for the defendant.